## CONSOLIDATED PRESS AND PRINTING CO v LEIBOWITZ

Ohio Appeals, 8th Dist, Cuyahoga Co

No 16491. Decided Jan 24, 1938

D. W. Kornhauser Esq., Cleveland, for Plaintiff Appellee.
Gerald A. Doyle, Esq. Cleveland, for Defendant Appellant.

### OPINION

By TERRELL, J.

A default judgment was entered in Municipal Court against the defendant. In the same term of court a motion to vacate default judgment was filed by defendant, which motion was supported by an affidavit in which the defendant alleged that he had a valid defense to plaintiff's claim, the defense being that he had never had any dealings with the plaintiff upon which the claim of plaintiff against him was predicated. The court overruled defendant's motion to vacate the judgment. This action of the trial court is here for review.

Defendant claims the trial court was in error in denying defendant's motion to vacate judgment. As a basis of his position, the defendant cites the case of **Resnick v Paryzek, 23 Oh Ap. 327, (5 Abs 388)** and sets forth the syllabus o fsaid case, which is as follows:

"Truth of allegations of valid defense is not to be considered on motion to vacate default."

Apparently the trial court, in overruling defendant's motion to vacate the judgment, did so because he did not believe the averments contained in defendant's affidavit. If the law, as stated in the syllabus of Resnick v Paryzek is good law, then the trial court was in error, because according to that case he should apparently accept the affidavit of defendant at its face value,

without exercising his discretion as to its truth or falsity. If this is good law, any defendant when sued and summoned into court, may disregard any such summons with impunity and when judgment thereafter is rendered against him, to vacate said judgment all he needs to do is file an application with an affidavit stating he has a defense.

We do not believe that the pronouncement in the syllabus in the case of Resnick v Paryzek is good law and we disapprove of it. It is not alone sufficient for a defendant against whom a ▉ default judgment is entered, and who desires to have it vacated, to set up a claim that he has a valid defense. It is further required of him that he support this claim by such evidence as would show to the court that he has a meritorious defense which, if proved, would not have warranted the judgment entered against him. It is also required of defendant that he show such facts as would reasonably excuse him under the statute from failing to respond to the summons or the time set for his trial in court.

The judgment in this case having been entered during the term at which the application to vacate it was filed, the court had control of its docket during all of said term to exercise his proper judicial discretion in passing upon defendant's motion to vacate the judgment.

It is contended by plaintiff that other evidence, in addition to the affidavit of defendant was considered by ▉ the court in passing upon this application to vacate judgment. To properly bring this matter before the reviewing court, as to what evidence was considered by the trial court, a bill of exceptions certified by the trial court would be necessary. No bill of exceptions has been filed by defendant and consequently we are unable to determine from the record whether or not the other evidence was introduced.

Not having all the evidence before us, we cannot say that the trial court abused its discretion in overruling the motion of defendant to vacate said judgment.

LEVINE PJ. and LIEGHLEY J. concur in judgment.

By LEVINE, PJ.

I concur in the judgment and conclusion of law expressed, except that I do not hold that it is required of the defendant who

filed an application to vacate a default judgment during term, that he show such facts as would reasonably excuse him under the statute from failing to respond to the summons or the time set for his trial in court, as I am of the opinion that when it appears to the trial judge that there is a probable defense it becomes the paramount duty of the court to rectify any injustice which the former default judgment may entail and therefore it becomes the duty of the trial court to reopen the case for trial on its merits so that the final judgment may be had according to the true facts found.