**PETTIBONE v. SHAFFNER et.**

Municipal Court of Cleveland.

No. A-109779.   Decided May 16, 1948.

Martin H. Wilkinson, Cleveland, for plaintiff.
H. C. Wedren, Cleveland, for defendant.

## OPINION

By DRUCKER, J.

This case is now before the court upon a motion filed by the defendants for vacation of the judgment heretofore rendered in favor of the plaintiff. Four grounds are assigned in support of the defendants' motion. These are—

1. That the plaintiff obtained a judgment upon a promissory note without proper notice to the defendants.

2. That the obligation evidenced by the note has been paid.

3. That there was no service of summons upon the defendants.

4. That the defendants have a valid defense to the action, to wit, payment in full.

Plaintiff's judgment in this case was based upon a cognovit note, and, by virtue of the warrant of attorney therein contained, service of summons by the defendants was waived and judgment was rendered for the amount prayed for by the plaintiff without prior notice having been given to the defendants of the institution of the proceedings or the procuring of the judgment.

The defendant's motion to vacate the judgment in this matter has been filed in the same term of court within which the judgment was rendered. On its face, the motion of the defendants, supported by an affidavit, indicates to the court the existence of a possible valid defense to the plaintiff's claim in the event the case is permitted to proceed to trial on the merits. However, at this point the court is met with the direct challenge of the plaintiff that the mere assertion on paper of the existence of a possible valid defense is not sufficient ground to justify suspending the judgment heretofore rendered in favor of the plaintiff and directing that

the cause proceed to trial upon the merits of the alleged defense.

It would appear that this situation raises no new or novel question of law which has not heretofore been considered and decided on many occasions.

The court finds that very considerable and unfortunate confusion exists concerning the procedure which must be or ought to be followed in the consideration of motions to vacate judgments filed within the same term at which the judgments were rendered.

A study of the numerous cases discloses frequent use of generalizations regarding procedural points when such generalizations are far beyond the scope of the issues before the court, as well as considerable laxity in the employment of procedural requirements assumed to be based upon statutory mandates which do not in fact apply to the situations before the court. Accordingly, there will be no labored effort here directed toward an attempt to harmonize what may appear to be conflicting decisions. Rather do we prefer to present an analysis of the situations which are or may be involved in a motion to vacate judgment filed within term.

The first question to consider is the source and the extent of the authority vested in the court upon the filing of such a motion. While quotations from encyclopedic texts should be sparingly employed, at the same time they may well be used to state a rule of law amply supported by authorities. We therefore quote from the text of **Volume 23 O. Jur.,** at page **1217**:

"It is the general rule that courts of record or of general jurisdiction, such as the Court of Common Pleas, possess the inherent power of controlling their own judgments and of correcting, modifying or vacating such judgments during the term at which they were rendered. This is an inherent power which in no way is regulated or abridged by statute in Ohio."

The Supreme Court of Ohio has on numerous occasions stated and reaffirmed the rule announced in the foregoing text. It will be sufficient here to cite the case of **First National Bank of Dunkirk v. Smith, 102 Oh St 120, 130 N. E. 502.**

The full extent of the court's authority in this case is set forth in the opinion of the Supreme Court:—

"Examination of the authorities discloses the fact that at common law a court of general jurisdiction is endowed with the power to control its own orders and judgments during the term at which they are rendered, and the power to vacate

or modify them is in the exercise of a sound discretion; and. this is an inherent power, in no way regulated or abridged by statute.

"This principle was early announced in the case of **Huntington & McIntyre v. Finch & Co., 3 Oh St 445,** and the doctrine is approved in later cases of this court, notably **Knox County Bank of Mt. Vernon v. Doty, 9 Oh St 505; Niles v. Parks, 49 Oh St 370,** 34 N. E. 735; **Huber Mfg. Co. v. Sweny, 57 Oh St 169,** 48 N. E. 879; **Weber v. State, 58 Oh St 616,** 51 N. E. 116,. and in others.

"There appears to be no limitation or restriction to the rule except that the power must be exercised with a sound discretion—limited only to cases in which there is an abuse of discretion. It follows, therefore, that the court in the instant case had the power to suspend the judgment upon any ground enumerated in §11631 GC, or for any other reason within the exercise of a sound discretion."

As to the procedure to be followed by this court in exercising its plenary power in such a case the Supreme Court continues its opinion with the following pronouncements:

"We find that in cases of this character the lower courts have followed a practice of holding that the procedure laid down in Chapter 6, supra (§§11631 et seq, GC), is the proper procedure to be followed upon an application to vacate or suspend a judgment made at the same term in which the judgment was rendered; and, further, that in some jurisdictions a rule of court exists making it necessary as a matter of practice to follow the procedure outlined in Chapter 6 in seeking to vacate or suspend a judgment, where the application is made at the same term in which the judgment was rendered.

"We think this is a wholesome rule in furtherance of good practice, especially in reference to judgments taken on cognovit instruments and by confession. But we are constrained to hold that in the face of such a rule the court may not be limited or concluded to the grounds enumerated in §11631 GC; and, in the absence of such a rule of court, may not be limited or concluded by the method of procedure outlined in Chapter 6.

"We therefore hold that the court had control over this judgment during the term at which it was entered, and had the power to suspend it without reference to the method of procedure outlined in Chapter 6."

It would seem on the face of it that this decision of the Supreme Court of Ohio ought to dispose of most of the ques-

tions involved in the issue presented to this court. Unfortunately, they do not do so for two reasons—first, because of the confusion in existing authorities as to the method of applying the procedure outlined in Chapter 6, Division 4, Title 4, Part Third, General Code, entitled—Other Relief After Judgment; second, because of a peculiar rule of this court which has existed for many years. We shall discuss these reasons in inverse order. **Rule 20 of the Rules of the Municipal Court of Cleveland** states, in part:—

"all motions to vacate judgments must be in writing accompanied by affidavit showing ground for vacation and a defense, or if the plaintiff seeks the vacation of a cause of action and proof of notice in accordance with §§11372-3-4 GC. The statutory procedure applicable to motions to vacate judgments after term shall apply to motions to vacate judgment in term."

It is contended that under this rule the court required to follow the procedure provided under the terms of §§11636 and 11637 GC. Proceedings to vacate judgment which are governed by those sections of the Code require, in the first instance, a determination by the court of the existence of sufficient **grounds to vacate** judgment, and then a subsequent adjudication by the court that "there is a valid defense to the action." It is the latter provision which has caused the greatest amount of confusion.

A well defined line of authorities—most of them of long standing but some of recent origin—have held that the court is under no obligation to require or to consider evidence relating to the merits of the alleged defense. On the other hand, there is another line of authorities in this state holding that under the provisions of §11637 GC, the presentation on paper of what would constitute a valid defense, unless supported by evidence, is not sufficient, and that there is an obligation on the part of the court to adjudge the "probable existence" of a defense to the action.

In the view of this court such procedure is not applicable in the Municipal Court of Cleveland or elsewhere in the hearing of a motion to vacate judgment within term.

It may be a matter of some dispute whether the rule of this court quoted supra is or is not properly or adequately phrased. The court is obliged to apply the rule as it exists. The rule states that upon the consideration of motions to vacate filed within term, the same procedure is to be followed as in the case of motions to vacate filed after term. It appears that in the application of this rule, the court has

heretofore neglected to observe that the provisions of §§11636 and 11637 GC, do not govern the hearing of **motions** to vacate filed after term. Those sections of the Code govern the procedure to be followed upon the filing of a **petition** to vacate after term.

The statutory procedure provided in Chapter 6 makes a clear distinction between the procedure to be followed on the filing of a **motion** and the procedure to be followed on the filing of a **petition** to vacate a judgment after the term in which it was rendered. The procedure to be followed upon the filing of a petition to vacate after term is discussed in those sections of the Code beginning with §11635 GC. The procedure to be followed in the hearing of a motion to vacate after term is governed **only** by the provisions of §11634 GC. That section of the Code provides substantially the same method and type of hearing on a motion to vacate that is followed by this court in connection with motions of every type.

In the case of **Washington v. Levison, 66 Oh Ap 461, 20 O. O. 427, (1941)**

"The court said, in discussing the procedure in a petition to vacate 'At a hearing * * * the court does not decide the merits of the original controversy. * * * in order that an opportunity to litigate the original controversy may not be entirely vain and futile, it also determines whether there is a valid defense to that action in the sense that a valid defense is alleged and sufficient evidence produced, **if believed,** to lead the court to conclude that the trier of the facts in the original action would decide that it was sufficient, and on these issues, the parties have a right to introduce all relevant evidence * * * in reaching its conclusion.'" (Emphasis ours.)

Neither a paper defense, nor an affidavit alone is sufficient. There should be some evidence offered, which if true, would be considered as competent evidence by a trial court which will ultimately try the case.

In **Consolidated Press v. Leibowitz, 27 Abs 10 (1938)** the court said,

"It is not alone sufficient for a defendant against whom a default judgment is entered and who wants it vacated, to set up a claim that he has a valid defense; he is further required to support such claim by sufficient evidence to show that he has a meritorious defense which, if proved, would not have warranted the judgment entered against him * * *"

This disposes of the chief hurdle presented by the plaintiff in relying upon the provision of **Rule 20** of this court. Before concluding this opinion, however, a further observation concerning the language and the application of that rule is called for. The rule states a motion to vacate judgment must be accompanied by an "affidavit showing ground for vacation and a defense." Does the existence of this portion of the rule interfere with the employment in any case of the inherent and plenary power of this court existing over judgments during the term in which they were rendered, as outlined by the Supreme Court of Ohio in the case of First National Bank of Dunkirk v. Smith, supra? In the view of this court no rule adopted by the court could accomplish such a result.

In analyzing the application of this portion of the rule, it should be borne in mind that there are three general types of situations involved in the hearing of motions to vacate filed within term. These are, first, a motion to vacate a judgment obtained by default, where the defendant failed to appear at the time the judgment was rendered; second, a motion to vacate a judgment obtained by warrant of attorney, where the defendant expressly and in advance of the proceeding authorized the taking of the judgment without notice to him; third, a motion to vacate a judgment rendered after a contested trial, in which the defendant was present in person or by counsel and undertook to defend against the plaintiff's claim.

It would serve little purpose to attempt to analyze the numerous grounds for vacation advanced in the first two types of situations above referred to. It should be noted, however, that where the defendant has failed to appear and to present his defense at the time of the original trial of the action, either because of inadvertence, lack of notice, negligence or otherwise, there is nothing in the record before the court to indicate the existence of a possible defense until the institution of the proceeding to vacate judgment. Accordingly, the requirement that the alleged defense be set forth under oath and accompany the motion to vacate is a salutary rule, enabling the court to have before it, as a matter of record, the issue between the parties. However, where there has already been a trial on the merits, contested by the defendant, upon issues properly presented, the filing of an affidavit in support of a motion to vacate such a judgment can serve no purpose whatever in the absence of a single contention by the defendant, that of newly discovered evidence.

As in the case of statutory enactments, rules of court must be applied with reasonableness and so as to serve a useful purpose.

"It is a maxim that the law never requires the doing of an idle thing or compels the doing of impossibilities. Accordingly, the courts will not assume, or presume, that the legislature intended the doing of a vain, useless, purposeless or impossible thing.* * *

"It is to be assumed that the legislature aims to promote convenience. It may not be presumed to have intended to enact a law producing an opposite effect. * * *

"It is to be assumed that the legislature intends to enact only that which is reasonable, and courts sometimes refer to presumption against absurdity in the provisions of a legislative enactment."

37 O. Jur. 634-644.

The same principles apply to the interpretation of court rules. Thus, Rule 20 of this court, providing for the filing of an affidavit together with a motion to vacate judgment within term, would not apply to a situation where no new issue of fact is presented or is to be presented to the court. In actual practice the provisions of Rule 20 have always been interpreted by the court as we have here indicated. While an affidavit has been required wherever a question of fact is presented in connection with the filing of a motion to vacate judgment, it has been the universal practice of the members of this court not to require the filing of such an affidavit where the motion to vacate judgment presents no new question of fact and where no evidence is necessary for the determination of the motion. Accordingly, the court has come to the following conclusions:

1. This court has complete control over a judgment of the court during the term within which it is rendered.

2. There is no limitation or restriction, either statutory or otherwise, upon the power of the court to vacate a judgment within term within the exercise of a sound discretion.

3. There is no statutory or other procedure which the court is required to follow in the consideration of a motion to vacate filed within term.

4. The provisions of Rule 20 of the Municipal Court of Cleveland furnish no procedural guide for the determination of such a motion.

5. Upon the filing of a motion within term to vacate a judgment obtained by default or by confession, the court will

first determine the existence of sufficient grounds to suspend the operation of the judgment.

6. If sufficient grounds to vacate the judgment are determined to exist, the court will then determine whether the defendant has set forth, under oath, the existence of a possible valid defense to the action.

7. If the court then determines that the defendant has set forth under oath a possible valid defense to the action, the court will not inquire into the merits of such defense, or require the presentation of any evidence in support thereof, since the determination of such an issue depends upon the introduction and consideration of **all** relevant and pertinent testimony that the parties may desire to offer with reference thereto; and a partial hearing on the merits of the defense can serve no good purpose, and would, in most instances, require the presentation of the same evidence and argument of the same issued twice.

8. Accordingly, the court will then suspend the operation of the judgment and assign the case for prompt hearing and determination upon its merits.