## Richmond

VALLEY LANDSCAPE COMPANY, INC. V.
PETER G. ROLLAND

September 1, 1977.

Record No. 761064.

Present: All the Justices.

*Anita O. Poston (Joseph A. Gawrys; Vandeventer, Black, Meredith & Martin,* on briefs), for plaintiff in error.

*Murray H. Wright (John B. McCammon; McGuire, Woods & Battle,* on brief), for defendant in error.

HARRISON, J., delivered the opinion of the Court.

Old Dominion University (ODU or owner) filed an action against Valley Landscape Company, Inc. (Valley or contractor) and its surety, alleging the breach of a construction contract. Valley filed a third party motion for judgment against Peter G. Rolland (Rolland or architect). Rolland filed a demurrer which was sustained by the trial court. Valley was granted leave to and filed an amended motion. Rolland then successfully demurred to Valley's amended motion, the trial court holding that:

> "the amended third party motion for judgment fails to state sufficient facts which, if true, would entitle [Valley] to a judgment against [Rolland]."

Valley has appealed this judgment on the ground that its motion sufficiently alleged that it was entitled to recover as a third-party beneficiary of a contract between ODU and Rolland.

Valley, a landscaping contractor, was awarded a contract by ODU to construct the mall improvement project at the college's Norfolk campus. Rolland was the landscape architect employed by ODU to provide plans and specifications for, and to supervise the construction of, this project. Prior to completion, Valley ceased performance and terminated its contract with ODU. Thereafter ODU employed another contractor to complete the work and instituted an action to recover $400,000 damages from Valley and the surety on the payment and performance bond given by the contractor. Valley then attempted to add Rolland as a third-party defendant to the action under Rule of Court 3:10.[1]

---

[1] Rule 3:10 provides, in pertinent part:

"(a) *When Defendant May Bring in Third Party.* — At any time after commencement of the action a defending party, as a third-party plaintiff, may file and serve a third-party motion for judgment upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. . . ."

Valley bases its right to recover against Rolland on the theory that it was a third-party beneficiary of the contract between Rolland and ODU. The only paragraph of the amended motion for judgment which addresses this question is paragraph 4, which states:

"4. That certain provisions of [Rolland's] contract with [ODU] were for the benefit of the general contractor."

The amended motion does not set forth any such "provisions", and the contract between ODU and Rolland was not made a part of the record. While ODU contracted with the architect Rolland to draw plans and specifications and to make periodic site inspections, their contract was made prior to the employment by ODU of a contractor to build the project. It was a separate and independent construction contract that was thereafter made by ODU and Valley.

■ The right to sue as a third-party beneficiary is governed by Code § 55-22, which provides, in relevant part, that:

"[I]f a covenant or promise be made for the benefit, in whole or in part, of a person with whom it is not made, or with whom it is made jointly with others, such person, whether named in the instrument or not, may maintain in his own name any action thereon which he might maintain in case it had been made with him only and the consideration had moved from him to the party making such covenant or promise. . . ."

Valley concedes that in order to maintain an action under this section "it must be shown that the contract was intended at least in part to benefit the non-contracting party".

The question whether a building contractor is a third-party beneficiary of a contract between the architect and the owner is one of first impression for this Court. Nonetheless, we have on numerous occasions applied the third-party beneficiary doctrine, and we are guided by certain well established principles.

"The third party beneficiary doctrine is subject to the limitation that the third party must show that the parties to the contract clearly and definitely intended it to confer a benefit upon him . . . ." *Professional Realty v. Bender*, 216 Va. 737, 739, 222 S.E.2d 810, 812 (1976).

" 'A clear intent to benefit the third person must appear to enable him to sue on the contract; incidental beneficiaries cannot maintain an action thereon.' " *N. -P Newspapers* v. *Stott*, 208 Va. 228, 231, 156 S.E.2d 610, 612 (1967).

Consonant with these principles is the rule that the third-party beneficiary statute,

". . . has no application unless the party sought to be held liable has assumed an obligation for the benefit of a third party. The statute does not purport to create a contract when no contract exists. . . ." *Burton* v. *Chesapeake Box, Etc., Corp.*, 190 Va. 755, 767, 57 S.E.2d 904, 909 (1950).

Appellant argues that the conclusionary allegation, that "certain provisions" of the architect's contract with ODU "were for the benefit of" Valley, was sufficient to meet the above standards. Appellant also contended in oral argument that the standard owner-architect contract gives rise to a third-party beneficiary contract in favor of the contractor.

On the other hand, Rolland contends that facts must be alleged in a motion for judgment which tend to prove that the architect and owner, in reaching their agreement, intended to bestow a direct benefit upon the contractor. It is a matter of common knowledge that any contract for construction is usually of incidental benefit to numerous persons. However, the crucial question in this case is whether the standard owner-architect contract, without any special provisions inuring to the direct benefit of the contractor, is intended to, and directly benefits, the contractor.

Architects are employed to design a project of a kind, type and style desired by the owner. They draw plans to accomplish this object and once the plans are agreed upon, the owner customarily employs the architect to monitor the performance by the builder. The purpose of this employment is to assure that the owner will get a finished product in accordance with the plans which he has approved. The duty of the architect is to protect the owner to the end that the quality of the workmanship that goes into the project, and the kind and quality of the materials that are used, will be in accordance with the plans and specifications upon which the owner and architect have agreed.

These undertakings by the architect are not designed to protect and enhance the profit or any other interest of the contractor. The fact that a contractor will benefit and profit from plans that are carefully and professionally drawn, and from specifications that are clear and precise, is an incidental benefit that accrues to the contractor. But it is not the benefit that is primarily envisioned by the architect and the owner. The reason is obvious when the adverse interests of the parties are considered. The owner employs an architect, to a degree, to protect himself from the contractor.

■ Numerous out-of-state and federal decisions have considered the third-party beneficiary doctrine as it applies to the owner-architect-contractor relationship. In *A.R. Moyer, Inc. v. Graham*, 285 So.2d 397 (Fla. 1973), one of the questions certified to the court was whether a general contractor could be a third-party beneficiary of a contract between the owner and the supervising architect where the general contractor, under his contract with the owner, was obligated to construct the project in accordance with the architect's plans and specifications. The court observed that whether a contract was intended for the benefit of a third person was generally regarded as one of construction and that the intention of the parties is determined by the terms of the contract as a whole. There, the court did not have before it the owner-architect contract, since it was not made a part of the record. The court, nevertheless, concluded:

> "Our review of the law suggests to us that supervision generally is undertaken for the benefit of the owner to insure that the construction is proceeding in compliance with the plans and specifications approved by the owner. *In general terms, a contractor is an incidental beneficiary absent clear intent manifested in the owner-architect contract to the contrary.* Exceptions may exist possibly, such as in supervision to insure compliance with safety regulations which would be for the benefit of third party construction workers; however, no exceptions are apparent in the third question as posed. The theory that a supervising architect acts as agent for the owner also militates against a third party beneficiary approach." 285 So.2d at 403 (Emphasis added).

Appellant says that the above cited case is not applicable for the reason that it "speaks in general terms of the usual

relationship between the owner, the builder and the architect. The facts of the case at bar take it out of any such 'general rule' ". We disagree. We have heretofore pointed out that the allegations of Valley's motion for judgment are general, and the provisions relied upon are those found in the standard owner-architect agreement. As in *A.R. Moyer, Inc.*, the owner-architect contract is not before the Court. If this Court can only speak in "general terms", as did the Florida court, appellant is therefore in no position to complain.

Likewise, in *Engle Acoustic & Tile, Inc.* v. *Grenfell*, 223 So. 2d 613, 620 (Miss. 1969), a subcontractor on a construction project sued both the owner and architect for payment. The court held that the subcontractor had no claim against the architect and said:

> "[T]he controlling principle of law here involved is that one not a party to a contract can sue for a breach thereof only when the condition which is alleged to have been broken was placed in the contract for his direct benefit. A mere incidental beneficiary acquires by virtue of the contractual obligation no right against the promisor or the promisee. Williston on Contracts, Vol. 2, Sec. 402, page 1157; Restatement of Contracts, Section 147; 6 R.C.L., Section 274, page 886; American Jurisprudence, Vol. 12, Sections 281 and 282; 17 C.J.S. Contracts § 519, subsection c, page 1127, and numerous cases cited by these three texts last above mentioned, which hold that a third person cannot maintain an action upon a contract merely because he would receive a benefit from its performance or because he is injured by a breach thereof. That in order to do so, the provision sought to be invoked must have been inserted in the contract directly or primarily for his benefit; or to state the same rule differently, one not a party to a contract and who would be only indirectly and incidentally benefited by its performance cannot recover for a breach thereof."

*See also Detweiler Bros., Inc.* v. *John Graham & Co.*, 412 F. Supp. 416 (E.D. Wash. 1976); *C.H. Leavell & Co.* v. *Glantz Contracting Corp. of La., Inc.*, 322 F. Supp. 779 (E.D. La. 1971); Annot., 65 A.L.R.3d 249, 253-55 (1975).

A review of the authorities makes it clear that it is not sufficient that Valley would be incidentally benefited by a proper performance of duties on the part of the architect. We

find no allegation of facts in Valley's third-party motion for judgment from which we could draw a conclusion that the owner-architect agreement was "clearly and definitely intended" and made to bestow a direct benefit on Valley.

■ Under Rule 3:10 a defendant can bring in a third-party defendant only for the purpose of passing through to the third-party defendant all or part of the liability which might be imposed on the defendant by the plaintiff as the result of the conduct of the third-party defendant. Rule 3:10 is the state counterpart of Rule 14 of the Federal Rules of Civil Procedure. In the discussion of when a third-party action is proper, 6 Wright & Miller, Federal Practice and Procedure, § 1446, p. 245-50 (1971), states:

"Rule 14(a) authorizes defendant to bring into a lawsuit any person 'not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him'. This language does not compel defendant to bring third parties into the litigation; rather, it simply permits the addition of anyone who meets the standard set forth in the rule. In many instances tactical considerations will lead a party to pursue an independent action against a possible third-party defendant rather than resorting to impleader. (Footnote omitted).

"A third-party claim may be asserted under Rule 14(a) only when the third party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to defendant. The secondary or derivative liability notion is central and it is irrelevant whether the basis of the third-party claim is indemnity, subrogation, contribution, express or implied warranty, or some other theory. But impleader is proper only when a right to relief exists under the applicable substantive law. . . ." (Footnotes omitted).

*See also,* Wright, Handbook of the Law of Federal Courts, § 76 (3d ed. 1976).

The allegations of Valley's motion for judgment do not show that Rolland was potentially liable for all or a part of ODU's claims against Valley and therefore are not sufficient to state a case against Rolland. A third-party motion for judgment is not proper under the circumstances.

The judgment of the lower court will be

*Affirmed.*