## CIRCUIT COURT OF HENRICO COUNTY

Robert A. Hopkins et al.

v.

Herbert E. Withers, Jr., et al.

April 23, 1979

Case No. 78C1162

By JUDGE E. BALLARD BAKER

The Amended Bill of Complaint, received on March 20, 1979, will be allowed to be filed and the prior demurrers, as supplemented by the arguments presented on March 30, are considered in light of the Amended Bill.

The Amended Bill alleges that Withers, in a contract dated June 4, 1977, "agreed to construct a building according to plans and specifications" for Hopkins. This building was to be constructed on land owned by Greenwood Limited Partnership. The building was constructed and Hopkins subsequently acquired title to the land and building by deed from Withers. Withers acquired title from Greenwood on October 12, 1977, just prior to conveying to Hopkins.

Hopkins complains of the septic tank and the well, both of which are mentioned in the plans and specifications. In the Amended Bill, Hopkins sues Withers and wife, G. T. Simmons and Greenwood Limited Partnership, Stamie Lyttle Co., Inc., builder of the septic tank, and Blackwell Well Company, constructor of the well. One count is for breach of warranty, with a request for rescission and damages; one count is for negligence with the same request.

The defendants, among other things, rely upon *Bruce Farms, Inc. v. Coupe*, [219 Va. 287 (1978)] decided by the Supreme Court of Virginia on August 31, 1978. There,

under similar circumstances, it was held that "a conveyance of real estate carries no covenants except those expressly made." However, immediately prior to that statement the Court also pointed out that "A contract to perform a service necessarily implies a covenant to perform according to prevailing standards of competency; otherwise, performance would have no objective legal measure."

The Amended Bill relies on a contract to construct a building. It is not, as was *Bruce Farms*, a case based upon a conveyance of real estate. At page 226 of the *Bruce Farms* record counsel for Bruce Farms makes the remark that "We did not have a construction contract in this case. It was a contract for the sales of a residence. There is a big difference between those types of contracts and the cases that address them."

*Mann v. Clowser*, 190 Va. 887, 59 S.E.2d 78 (1950), was distinguished, not overruled, in *Bruce Farms*.

Unless the contract of June 4, 1977, became merged in the later conveyance of the land it seems to me that Hopkins retains what rights he had under that contract. Such merger is not evident at this stage.

Hopkins retains his right of action against Herbert E. Withers, Jr., under the June 4, 1977, contract. There is no right of action against Jean D. Withers as she was not a party to the June contract.

The other defendants raise other objections.

Simmons and Greenwood Limited Partnership deny that, by subdivision of real estate and sale of individual lots to a contractor for the purpose of construction of single family residences, they impliedly warrant to an eventual buyer of a residence that the land is suitable for the construction of such residence. Simmons and Greenwood had no contract with Hopkins. They did convey the land to Withers, but a conveyance of land carries no covenants other than those expressly made. *Bruce Farms v. Coupe.* I see no basis for an action against Simmons or Greenwood on any implied warranty theory; nor do I find that the general allegation in Count 2 of "negligently participated in the construction of the well, septic tank and residence" is applicable. Nowhere is it alleged that Simmons or Greenwood had anything to do with the construction of the house, the well or the septic tank. The demurrer of Simmons and Greenwood is sustained.

Stamie Lyttle and Blackwell Well occupy the same legal position. One put in a septic tank, the other a well, under contract with Withers, on the land later acquired by Hopkins.

Count 1 of the Amended Bill alleges these defendants were subcontractors or agents of Withers. There is no allegation that Withers was agent for these defendants, so they are in no way affected by the allegations against Withers. It is argued, though not alleged in Count 1, that Hopkins is a third-party beneficiary of the contracts between Withers and Lyttle and Withers and Blackwell.

As I read the law, Hopkins is no more than an incidental beneficiary and cannot maintain an action as a third-party beneficiary. See 4 *Corbin on Contracts*, section 779D; 2 *Williston on Contracts*, 3d ed., section 403. *Restatement, Contracts, Tentative Draft*, sect. 133, 147. The general rule seems expressed in the following from Corbin in sect. 779D, page 43:

> Where A owes money to a creditor C, or to several creditors, and B promises A to supply him with the money necessary to pay such debts, no creditor can maintain suit against B on this promise. The same is true in any case where A is under a contractual duty to C the performance of which requires labor or materials, and B promises A to supply to him such labor or materials; C has no action against B on this promise. In such cases the performance promised by B does not of itself discharge A's duty to C or in any other way affect the legal relations of C. It may, indeed, tend toward C's getting what A owes him, since it supplies A with the money or material that will enable A to perform, but such a result requires the intervening voluntary action of A. B's performance may take place in full without C's ever getting any performance by A or receiving any benefit whatever. In such cases, therefore, C is called an "incidental" beneficiary and is held to have no right. It would be possible for A to make his contract with B in such terms as to show that A was making it for C's benefit and intended C to

have an enforceable right, C would be a donee of the right though not of the promised performance. But in fact such contracts are never so worded.

The foregoing is applicable to most cases of contracts between a principal building contractor and subcontractors. Such contracts are made to enable the principal contractor to perform; and their performance by the subcontractor does not in itself discharge the principal contractor's duty to the owner with whom he has contracted. The installation of plumbing fixtures or the construction of cement floors by a subcontractor is not a discharge of the principal contractor's duty to the owner to deliver a finished building containing those items; and if after their installation the undelivered building is destroyed by fire, the principal contractor must replace them for the owner, even though he must pay the subcontractor in full and has no right that the latter shall replace them. It seems, therefore, that the owner has no right against the subcontractor, in the absence of clear words to the contrary. The owner is neither a creditor, beneficiary nor a donee beneficiary; the benefit that he receives from performance must be regarded as merely incidental.

Section 55-22 is Virginia's applicable statutory provision. Counsel have not pointed out any of the several cases in the annotation to the section as being directly on point. Counsel do cite *Valley Company v. Rolland*, 218 Va. 257 (1977). There, in the procedural context of whether a landscaping contractor, when sued by the owner, can bring the architect in as a third-party defendant the Supreme Court held that a building contractor is not a third-party beneficiary of the contract between the architect and owners and cannot sue the architect through that contract.

Citing other Virginia cases, the Supreme Court pointed out that there must be a clear intent to benefit the

third-party; incidental beneficiaries cannot maintain an action.

This, I believe, is in accord with a holding that Hopkins cannot maintain an action against Lyttle or Blackwell under the contractual theory as alleged. The demurrers by Lyttle and Blackwell to Count 1 will be sustained.

Count 2 against Lyttle and Blackwell is based on allegations of negligence. This, in my view, has not been shown to be nonactionable. Lyttle and Blackwell are not in the same position as Greenwood.

In summary, an order sustaining demurrers as to both counts as to Jean D. Withers, G. T. Simmons and Greenwood Partnership will be entered on presentation. An order sustaining the demurrers of Lyttle and Blackwell as to Count 1 will likewise be entered on presentation.