## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

General Electric Supply Co.

v.

Jerome C. Candrilli, individually,
and t/a Jerrit Electric, et al.

December 18, 1980

Case No. (Law) 8767

By JUDGE BERNARD G. BARROW

Belleville Meadows Housing Company, Inc. ("Belleville") has moved to vacate an order of default entered against it on August 15, 1980, and a subsequent judgment order entered on September 8, 1980. This motion was heard on October 31, 1980, and further evidence pertaining to it was heard on November 21, 1980.

Memoranda and reply briefs have been submitted. After considering the arguments presented, I have concluded that Belleville's motion should be denied.

### PROCEEDINGS

On November 20, 1979, the plaintiff, General Electric Supply Company, filed the motion for judgment in this matter seeking damages against the defendant, Jerome C. Candrilli ("Candrilli"). The plaintiff sought to recover

the sum of $12,388.96 from Candrilli for supplies furnished for a construction project.

On July 8, 1980, Candrilli, with leave of court, filed a third party motion for judgment against Nansemond Constructors, Inc., the prime contractor for whom Candrilli was working, and Belleville, the owner of the property upon which improvements were being constructed. Candrilli alleged that he was being sued by the plaintiff for supplies furnished to him and not paid for and that these supplies were used in connection with improvements being constructed on Belleville's property. In addition to seeking recovery for the costs of the materials, Candrilli also sought to recover for the value of services rendered in connection with these improvements. Candrilli claimed that Belleville was being unjustly enriched and that Candrilli was entitled to the reasonable value of the services and materials furnished.

Process was served on Belleville's registered agent on July 11, 1980. No response was filed on behalf of Belleville, and on August 15, 1980, an order was entered finding Belleville in default. Notice that Candrilli would seek such an order was sent by certified mail to Belleville's registered agent on August 7, 1980.

Evidence of damages was heard on September 5, 1980, and on September 8, 1980, judgment was entered against Belleville in the sum of $11,098.40, plus interest from April 30, 1979. Belleville now seeks to vacate this judgment, as well as the order of default entered August 15, 1980.

## ANALYSIS

Section 8.01-428 of the Virginia Code provides that a court may set aside a judgment by default on the grounds of (1) fraud on the court, (2) a void judgment and (3) proof of an accord and satisfaction. Belleville relies on each of these grounds.

### (1) Fraud

Belleville contends that the judgment is void by reason of fraud since Candrilli did not register as required under Sections 54-113 through 54-145. These provisions

require contractors to register when the total value of construction of a contract exceeds a certain amount. A contractor cannot recover under a contract made in violation of these statutory provisions. *Sutton Co., Inc.* v. *Wise Contracting Co., Inc.,* 197 Va. 705 (1956); *Bowen Electric Co.* v. *Foley,* 194 Va. 92 (1952).

Belleville contends that Candrilli entered into several contracts to accomplish the work involved in this project, each such project was less than the statutory amount, but the total of the contracts exceeded the statutory amount. Thus, Belleville contends that Candrilli acted fraudulently and that the judgment is thereby void.

These contentions may have provided a valid defense if properly raised by Belleville prior to default. However, they do not constitute fraud on the court. No misrepresentations are alleged to have been made by Candrilli in obtaining judgment. On the contrary, as demonstrated by Belleville's analysis, the facts demonstrating the separate contracts were clearly presented to the court.

### (2) Void Judgment

Belleville also claims the judgment is void for various reasons. First, it alleges that service of process was ineffective because the deputy sheriff who served Belleville's registered agent failed to change the preprinted language on the proof of service form. As a result the return showed that it had been served in the City of Virginia Beach when in fact service had been accomplished in Suffolk, At the hearing on November 21 the deputy sheriff testified that this was a clerical error and the return should read Suffolk instead of Virginia Beach. The service of process was effectively accomplished.

Next, Belleville claims that the judgment is void because the third party motion for judgment was not permitted by the Rules of Court. Rule 3:10 permits a defendant to file a third party motion for judgment against a person "who is or may be liable to him for all or part of the plaintiff's claim against him . . . ." This can only be for the purpose of "passing through to the third party defendant all or part of the liability which might be imposed on the defendant by the plaintiff as the result

of the conduct of the Third party defendant." *Valley Landscape Co., Inc.* v. *Rolland*, 218 Va. 257, 263 (1977).

Candrilli's action against Belleville was for the purpose of recovering for services and materials rendered in constructing improvements on Belleville's property. The original motion for judgment was to recover the value of the materials furnished Candrilli by his supplier. The cause of action stated in the third party motion for judgment, although arising out of the transaction, was not dependent upon the success or failure of the motion for judgment. Candrilli's liability to the plaintiff was not caused in any way by the conduct of Belleville. Thus, the third party motion for judgment may have been an inappropriate vehicle to assert Candrilli's claim.

However, the third party motion for judgment did state a cause of action. It stated a sufficient claim for the court to decide without having to adjudicate issues not presented by the parties in the pleadings. If a defect, it was one of form not substance. Belleville could have interposed a timely objection. Since it did not the objection was waived and the court could decide the issue raised.

### (3) Accord and Satisfaction

Finally, Belleville contends that an accord and satisfaction has been arrived at. It has suggested that Candrilli has arrived at a compromise settlement with the plaintiff, General Electric Supply Company. This is apparently a compromise of the claim expressed in the motion for judgment. However, it does not represent an accord and satisfaction as to the claim Candrilli has asserted in the third party motion for judgment against Belleville. Thus, it is not an "accord and satisfaction" as contemplated by § 8.01-428 of the Virginia Code.

Therefore, the motion to set the judgment order aside should be denied.