## CIRCUIT COURT OF FAIRFAX COUNTY

Wesley United Methodist Church

v.

Professional Asbestos Removal
and Minkoff Co., Inc.

May 20, 1991

Case No. (Law) 97731

By JUDGE JACK B. STEVENS

This matter has been under advisement by the Court to consider defendant Professional Asbestos Removal's Demurrer to Counts I and III of the Seconded Amended Motion for Judgment. The Court has considered the arguments of counsel, as well as the cases cited by both sides. For the reasons that follow, the Demurrer to Count I is overruled in part and sustained in part, and the Demurrer to Count III is overruled.

### Count I

Defendant demurs to the plaintiff's claim of negligence because the damages allegedly sustained are for economic loss. Generally, there may be no recovery in tort for economic losses or disappointed economic expectations. *Sensenbrenner v. Rust, Orling & Neale*, 236 Va. 419, 423 (1988). The law of contracts provides the sole redress for such claims. *Rotonda Cond. Owners v. Rotonda Associates*, 238 Va. 85, 90 (1989).

Paragraph 8 of the Second Amended Motion for Judgment states:

8. Following the completion of work to the aforesaid premises by the defendants, Minkoff Company, Inc., and Professional Asbestos Removal, the plaintiff discovered damage to the floor tiling which later necessitated extensive repair.

Count I seeks recovery for "property damage, loss of revenue, loss of use of the aforesaid premises, inconvenience and other foreseeable consequential damages . . . ." Although the plaintiff may not sue in tort for the economic damages of loss of revenue, loss of use and inconvenience, it may sue for the property damage to the floor tiling alleged in paragraph 8. Accordingly, the demurrer to Count I is overruled as to the property damage to the floor tiling and sustained as to the claims for loss of revenue, loss of use, and inconvenience.

### Count III

Defendant also demurs to plaintiff's claim that it was a third party beneficiary of the contract between the contractor (Minkoff) and subcontractor (Professional Asbestos) claiming that plaintiff at most was only an incidental beneficiary of that contract.

Virginia Code § 55-22 allows a third party beneficiary to a contract to sue to enforce that contract even though he is not named in the document. However, in order to plead such a theory, the motion for judgment should contain an allegation of the parties' intent to clearly and definitely confer a direct benefit on the plaintiff, or allegations from which such an inference can be drawn. *See Copenhaver v. Rogers*, 238 Va. 361, 367 (1989). A conclusionary allegation that certain provisions of the contract were for the benefit of the plaintiff would be insufficient; there must be alleged facts to support such a conclusion. *Valley Company v. Rolland*, 218 Va. 257, 260, 263 (1977).

In the present case, the plaintiff has alleged that the contract between Minkoff and Professional Asbestos was for the benefit of the plaintiff and that both parties to the contract intended by this contract to benefit the plaintiff as owner of the property in question. A demurrer does not reach the merits of a claim but merely tests

the legal sufficiency of the pleading. It admits the truth of all facts that are properly pleaded. *Bowman v. State Bank of Keysville*, 229 Va. 534, 536 (1985). For purposes of demurrer, the plaintiff has adequately alleged that it was a third party beneficiary of the aforementioned contract. Accordingly, the demurrer to Count III is overruled.