474

## CIRCUIT COURT OF LANCASTER COUNTY

Ashby L. Allen, Jr., et al.

v.

Tomlin and Keyser, P.C., et al.

November 15, 1991

By JUDGE JOSEPH E. SPRUILL, JR.

The Motion for Judgment here alleges that in 1979, Ashby Allen and his wife engaged Warren R. Keyser to survey a parcel of property owned by the Allens and occupied by them as their home. In 1988, Allen refinanced the property and again engaged Keyser to resurvey the premises. Southern Title insured title to the property, including insurance as to matters of survey, based on Keyser's 1988 plat and survey report to Southern Title. Allen now claims the survey is inaccurate, and as a result, Allen and Southern Title have incurred damages which they seek to recover from Keyser.

Defendants demur on three grounds: (1) the Motion for Judgment does not state a cause of action that would entitle Southern Title to recovery as a third party beneficiary of the contract between Allen and Keyser; (2) absent privity between Southern Title and Keyser, no cause of action should lie in tort for economic losses; and (3) Southern Title has failed to allege that it has paid a claim under the policy and has failed to allege that it has been harmed or damaged by any breach of duty.

A hearing was held on the demurrer on October 31st, and I have studied the briefs submitted by counsel.

I. *Does the Motion for Judgment Allege Facts Sufficient to Entitle Southern Title to Recovery As A Third Party Beneficiary?*

The defendants claim that the Motion for Judgment does not allege any facts to support a conclusion that the agreements between Allen and Keyser were clearly intended to bestow a benefit on Southern Title.

In paragraph 6 of the Motion for Judgment, the plaintiffs allege that the defendant knew, or should have known, and intended that the survey and survey report would be relied upon by the title insurer. In paragraph 7, plaintiffs allege that the Southern Title issued the owner's title insurance policy to the Allens in reliance upon the survey and survey report. In paragraph 12, plaintiffs allege that Southern Title was the intended beneficiary of the survey contract between Allen and the defendant. The defendant claims that these allegations are insufficient as a matter of law to entitle Southern Title to recovery as a third party beneficiary.

Defendant cites *Valley Landscape Company, Inc. v. Rolland*, 218 Va. 257 (1977), in support of its position. In *Valley*, an owner sued his building contractor for breach of a construction contract. The general contractor filed a third party motion against the architect on the theory that the building contractor was a third party beneficiary of the contract between the owner and the building contractor. The architect's demurrer was sustained in that case. The Supreme Court reasoned that the contractor was only an incidental beneficiary, not an intended beneficiary.

Here, the surveyor's position is distinguishable from the contractor's position in *Valley* to the extent that the surveyor furnished to the title company a report in the form of a certification upon which the company may have relied in issuing its policy.

The test here is not whether Southern Title is a third party beneficiary: that test is one that is not easily or uniformly applied and may involve numerous issues, including intent, reliance, and policy considerations. The test here is whether the pleadings are sufficient. I find that the pleadings are sufficient.

The facts pleaded here differ from *Copenhaver v. Rogers*, 238 Va. 361 (1989), cited by defendants in that

in *Copenhaver* the Court found that the Motion for Judgment "utterly fails to allege a third-party beneficiary contract claim." Here the Motion for Judgment specifically makes such an allegation.

A demurrer admits the truth of all material facts that are properly pleaded and all facts impliedly alleged or which may be fairly and justly inferred from the facts alleged. *Ames v. American National Bank*, 163 Va. 1 (1934). It does not include legal conclusions which are alleged as "facts." I believe this Motion for Judgment sets forth the essential facts to sufficiently and fairly inform the defendant of the nature of its claim so as to entitled Southern Title to recover as a third party beneficiary of the contract.

## II. *Privity of Contract.*

In Count II of the Motion for Judgment, the plaintiffs restate all claims and in addition allege mistake and material misrepresentation by defendants. The defendant's demurrer to Count II is based upon the failure of plaintiff, Southern Title, to allege facts which support the willful tort of misrepresentation/fraud independent of duties imposed by the contract between Allen and Keyser. Keyser claims that the description by Southern Title of his performance of professional services as a misrepresentation is, if anything, a breach of contract, not tort. Further, Keyser claims the losses here, if any, are economic losses, requiring privity between Keyser and Southern Title.

Southern Title argues that the survey prepared by Keyser was in error, therefore, a misrepresentation and thus a fraud. Fraud, claims Southern Title, is a tort, and the duty to refrain from fraudulent acts is imposed by tort law, not by any contract between the parties.

Misrepresentation and fraud are not synonymous terms. For example, there could be an honest misrepresentation but hardly an honest fraud.

Keyser's duties here were assumed by agreement. "Tort law is not designed . . . to compensate parties for losses suffered as a result of a breach of duties assumed only by agreement . . . The controlling policy consideration underlying tort law is the safety of persons and property -- the protection of persons and property

from losses resulting from injury. The controlling policy consideration underlying the law of contracts is the protection of expectations bargained for." *Sensenbrenner v. Rust, et al.*, 236 Va. 419 (1988).

I conclude that the plaintiff's claims here are contractual in nature, that any mistake in the survey was a breach of contract, not a tort, and therefore sustain the demurrer as to Count II.

### III. *Failure of Southern Title to Allege Damages.*

Keyser's demurrer here is based upon the premise that because Southern Title has not been harmed or damaged by breach of any duty since it has paid no claims under its policy, Southern Title has failed to state a claim and should be dismissed as a party.

Southern Title's response is that it has incurred attorneys' fees and other costs associated with maintaining this action and related actions and further that it is not necessary that all damages flowing from the breach of duty shall have been sustained in order for it to bring an action.

This is not a subrogation claim. In that event, the insurer has no right of subrogation until it settles the claim of the insured. Here, Southern Title is on notice of the pendency of this claim. It has an obvious interest in the outcome. Costs have been incurred by Southern Title. Count III of the Demurrer will be overruled.

### Conclusion

As to Count I of the Motion for Judgment, the demurrer is overruled. As to Count II, the Demurrer is sustained.