## CIRCUIT COURT OF THE CITY OF PETERSBURG

John L. Mullenix, Sr.,
Adm'r of the Estate of
James Delmar Mullenix

    v.

Pung S. Liu
and Va. Psychiatric Co., Inc.

May 29, 1992

BY JUDGE OLIVER A. POLLARD, JR.

This opinion addresses the Demurrers, Pleas in Bar, and Pleas of the Statute of Limitation of the Defendants, Dr. Pung Liu and Virginia Psychiatric Company, Inc. The Court has considered the pleadings, the Joint Stipulation of the Parties, Defendants' Joint Memorandum in support of their Demurrers, Pleas in Bar, and Pleas of the Statute of Limitations, Plaintiff's Memorandum in Opposition, Defendants' Joint Reply Memorandum, the deposition of Virginia Mullenix, and comments of counsel at the hearing on May 6, 1992.

On June 11, 1989, Virginia Mullenix was injured when she jumped from a moving vehicle. Her estranged husband, James Delmar Mullenix, drove away and left her. At the suggestion of members of the staff of John Randolph Hospital, where her injuries were treated, Mrs. Mullenix checked herself into Poplar Springs Hospital later in the day in order to obtain psychiatric care or treatment. She remained at the hospital through June 19, 1989, and was treated on an out-patient basis from June 20, 1989, until June 30, 1989. Dr. Liu was the psychiatrist selected by Mrs. Mullenix from a list when she was admitted to the hospital, and she was also seen by him at his

office as an out-patient on July 7 and July 14, 1989. Mrs. Mullenix fatally shot her husband on July 17, 1989.

Plaintiff alleges that Dr. Liu and the hospital staff failed to adequately treat Mrs. Mullenix and failed to warn Mr. Mullenix that she continued to be a threat to his life and that various errors and omissions were the proximate cause of the wrongful death of Plaintiff's decedent. Petitioner further alleges that Mr. Mullenix was a third-party beneficiary to either an express or implied contract entered into by Defendants and Mrs. Mullenix for psychiatric treatment and that Defendants breached such contract by failing to properly treat her or to warn of danger.

In support of their Demurrers, Defendants argue that the Amended Motion for Judgment fails to state a cause of action in that there was no legal duty owed by Defendants to Plaintiff's decedent, who was a stranger to the physician-patient relationship that existed between Mrs. Mullenix and Defendants, and that no physician-patient relationship is alleged by Plaintiff to have existed between Mr. Mullenix and the Defendants. In Defendants' Joint Reply Memorandum, they state "while Virginia law clearly recognizes the right of a patient to bring a claim against a physician or a hospital in medical malpractice, the law does not allow a third-party to bring such a claim."

Plaintiff admits there is no case law in Virginia regarding the liability of mental health officials for injuries their patients inflict on third persons but suggest the trend in some other jurisdictions is to hold mental health personnel to a duty to warn where potential victims are "readily identifiable" or "within the zone of danger."

Plaintiff recommends that this Court, as a matter of good public policy, embrace the holdings of the California and Arizona cases cited by Plaintiff as a "proper guide and measure of the duties to be assigned to mental health professionals in Virginia." In response, Defendants say that under the physician-patient privilege, there is a duty to keep confidential information received from a patient as a result of the physician treating the patient and that only the General Assembly should establish exceptions to a physician's affirmative duties under the physician-patient privilege.

It appears then that Virginia has not recognized a duty between physicians and third persons such as urged upon the Court by Plaintiff, and our Supreme Court has made it clear that the Court should not create liability by judicial decree.

Therefore, the Court is of the opinion that the Plaintiff has no cause of action against the Defendants for the wrongful death of his decedent.

Defendants further argue that Virginia does not recognize a cause of action for an implied contract for health care services rendered to a patient. Plaintiff, in his Amended Motion for Judgment, alleges that there was either an express or an implied contract between Defendants and Mrs. Mullenix to provide skilled psychiatric treatment and that Mr. Mullenix was third-party beneficiary of this contract. Plaintiff states that Virginia Mullenix sought admission to the hospital and assistance from Dr. Liu because she was experiencing severe emotional problems and that she expected to receive treatment from the Defendants and expected to pay for services rendered. Further, that these facts along with the admission agreement that Mrs. Mullenix signed at the hospital provide all of the basics of a contractual relationship. Defendants say there is no authority in this State recognizing a cause of action for an implied contract arising from provision of health care services by a physician or hospital to a patient. They do agree that Virginia has recognized a cause of action where the rendering of the health care service is based upon an express contract or the type that has been referred to by the Supreme Court as a "special contract." Defendants cite *Glisson v. Loxley*, 235 Va. 62 (1988), as an example of such a special contract.

Additionally, the defendants argue that even if there were a special contract that existed between Mrs. Mullenix and Defendants, there is no authority in Virginia that would support Plaintiff's claim that he can recover in this case as a third party beneficiary to any contract for provision of health care services between Mrs. Mullenix and the Defendants.

Defendants are correct in their assertion that an essential element of a cause of action for breach of contract brought by a third party beneficiary is that the parties must have intended that the third party benefit as a result of a contractual relationship. Their argument is supported by cases cited, namely, *Valley Landscape v. Rolland*, 218 Va. 257 (1977), and *Copenhaver v. Rogers*, 238 Va. 361 (1989). The *Copenhaver* court stated that the "essence of a third party beneficiary claim is that others have agreed between themselves to bestow a benefit upon a third party but one of the parties to the agreement fails to uphold his portion of the bargain . . . ." There is no allegation in the Motion for Judgment and no suggestion of any evidence to sup-

port any intention on the part of either Mrs. Mullenix or either Defendant that any arrangement or agreement between them would benefit Mr. Mullenix.

Finally, Plaintiff suggests that because Mr. Mullenix may have been responsible for the bills submitted for services rendered to his wife by the Defendants under the doctrine of necessaries, he would, therefore, be a third party beneficiary to any contract that may exist between his wife and Defendants. This Court agrees with Defendants' position that this doctrine cannot create a contract that did not otherwise exist between Mrs. Mullenix and the Defendants or establish third party beneficiary status upon the Plaintiff's decedent. The Court is, therefore, of the opinion that the demurrers should be sustained.

In addition to the demurrers, the Defendants have filed Pleas in Bar. In support of their Pleas in Bar, Defendants state that the undisputed evidence establishes that no contract existed between Mrs. Mullenix and either of the Defendants, and, therefore, Plaintiff's claim to be a third-party beneficiary should be dismissed. Mrs. Mullenix testified that she did not sign a written agreement with the Defendants regarding the specific services which would be rendered by them, nor were specific services or expected results ever discussed. She did sign an agreement to pay for services rendered.

Assuming that a contract did exist between Mrs. Mullenix and themselves, Defendants argue that the evidence does not indicate that Mrs. Mullenix or the Defendants had any intention of bestowing a benefit upon Mr. Mullenix. Mrs. Mullenix stated in her deposition, "I went there because I needed help for myself. I went there because I was suicidal and I needed help for myself. I didn't go to help anybody else. I went in there to help myself." She also said that she did not have any intention to benefit her husband in any way through her treatment by the Defendants. Mr. Mullenix showed very little, if any, interest in her problems or treatment course at the hospital by its staff or Dr. Liu. When she signed an Authorization for Admission at the hospital, she did not list her husband on this form, although space was provided for the name of either a parent, spouse, or next-of-kin. In *Copenhaver v. Rogers*, 238 Va. at p. 367, the Supreme Court of Virginia stated:

> In order to proceed on the third-party beneficiary contract theory, the party claiming the benefit must show that the parties to a contract "clearly and definitely intended" to confer a benefit upon him.

It is clear in this case that a contract did not exist between Mrs. Mullenix and either Dr. Liu or the hospital, and even if it were otherwise, the evidence established that there was no intent to confer any benefit on Mr. Mullenix by Mrs. Mullenix or the Defendants. The Pleas in Bar will be sustained.

Defendants suggest that the original Motion for Judgment was not filed within the period allowed by the applicable Statute of Limitations, Virginia Code § 8.01–244(B). This section requires that a wrongful death action be commenced within two years of the date of a decedent's death.

James Delmar Mullenix died on July 17, 1989. On July 15, 1991, counsel for Plaintiff mailed letters which were intended to be notices of claim pursuant to Virginia Code § 8.01–581.1. Dr. Liu, by letter of September 12, 1991, requested that a medical malpractice review panel be designated, and on October 18, 1991, the Chief Justice of the Supreme Court of Virginia denied the request because he was of the opinion that the medical malpractice statute did not apply to third-party claims such as the one under consideration. Plaintiff's Motion for Judgment was filed on November 14, 1991.

Plaintiff has conceded or agrees that his cause of action is one for wrongful death and, therefore, not a medical malpractice cause of action. However, Plaintiff insists that the mailing of the notices of claim triggered the tolling provisions set out in the Medical Malpractice Statute, specifically, Virginia Code § 8.01–581.9. Plaintiff argues that because this section contemplates situations where a medical malpractice panel would be denied and in which a medical malpractice cause of action would, therefore, be inappropriate, the tolling provisions of the section would apply to other than medical malpractice causes of action.

The Court agrees with the Defendants' assertion that the Wrongful Death Statute and the Medical Malpractice Statute involve two separate and distinct causes of action and that the tolling provisions under the latter do not apply to the former. Code § 8.01–244(B) clearly provides that every wrongful death action shall be brought within two years after the death of the injured person. The Pleas of the Statute of Limitations will, therefore, be sustained.