White, J.
Third-parly defendants, Tom Catalano and Catalano Architects, Inc., move to dismiss the third-party complaint of Robert Casagrande and Sim Valley Homes, Inc. pursuant to Mass.R.Civ.P 12(b)(6). For the reasons set forth below, third-party defendants’[3] motion is ALLOWED.
FACTS
This case arises in the context of a dispute regarding the construction of a single family home. The homeowners, Frank and Regina Azzolino (“the Azzolinos”), have sued their contractor, Robert Casagrande (“Casagrande”) and Sun Valley Homes, Inc. (“Sim Valley”) for delays in construction, poor workmanship, and overcharges. Casagrande and Sim Valley have filed a counterclaim against the Azzolinos, seeking to recover an allegedly unpaid balance of $30,000, and seeking lost profits of approximately $80,000. Casagrande and Sun Valley have also filed a third-party claim against the project’s architects, Tom Catalano and Catalano Architects Inc. (“Catalano”)[4] alleging that the architect’s drawings were insufficient and contained discrepancies which made them unsuitable for use in construction of the house. On this basis, Casagrande and Sun Valley assert claims against Catalano for breach of implied warranty, breach of contract, and negligent misrepresentation.
DISCUSSION
I.Breach of Implied Warranty (Count I):
In Count I of the third-party complaint, Casagrande and Sun Valley allege that Catalano breached its implied warranty to Sun Valley and Casagrande with respect to plans supplied to them with regard to the construction of the Azzolinos’ home. While it is true that an architect has a contractual duty to exercise the “skill and judgment which can be reasonably expected from similarly situated professionals,” it is also true that “an architect does not impliedly guarantee that his work is fit for an intended purpose.” Klein v. Catalano, 386 Mass. 701, 718 (1982). Since there was no implied warranty that the plans would be suitable for a specific result, the motion to dismiss this count must be granted.
II.Breach of Contract (Count II):
Count II of the third-party complaint alleges breach of contract by Catalano. The contract at issue, however, runs between the Azzolinos and Catalano. Casagrande and Sun Valley claim that they are entitled to recover under this contract because they, as the contractor responsible for building the house, were intended beneficiaries of the contract between the homeowner and the architect.
Casagrande and Sun Valley premise their claim on language in the contract between the Azzolinos and Catalano which states:
I would like to set up a meeting between you, your builder, and myself. At that meeting, I would like to determine what your builder would need in terms of drawings . . . and assistance.
This contractual language on which third-parly plaintiffs rely is not sufficient to support the inference that Casagrande and Sun Valley were intended beneficiaries of the contract. See Heller Financial v. Insurance Co. of North America, 410 Mass. 400, 407-08. Furthermore, other courts have held that a contractor is not the intended beneficiary of an agreement between a homeowner and architect, even in situations where the architect had far more extensive duties than Catalano did in the instant case. See Valley Landscape Company, Inc. v. Rolland, 218 Va. 257, 261-62 (1977). Since Casagrande and Sun Valley were not intended beneficiaries of the contract between the Azzolinos and Catalano, the count of the third-party complaint for breach of contract must be dismissed.
III.Negligent Misrepresentation (Count III):
In Count III of the third-party complaint, Casagrande and Sun Valley allege that “Mr. Catalano and Catalano Architects made certain representations to Mr. Casagrande and Sun Valley concerning the plans ...” This allegation is not sufficiently detailed to constitute pleading this claim with specificity, as is required by Mass.R.Civ.P. 9(b). See Lindner Dividend Fund, Inc. v. Ernst & Young, 880 F.Supp. 49, 57 (D.Mass. 1995); Rollins Environmental Services, Inc. v. Superior Court, 368 Mass. 174, 179-80 (1975). The motion to dismiss this count of the third-party complaint is therefore allowed. The third-party plaintiffs are free to amend their complaint and file the claim of negligent misrepresentation again at a later date, setting forth in detail the factual basis of the claim.
ORDER
For the foregoing reasons, third-party defendants’ motion to dismiss is ALLOWED. Consistent with this Memorandum and Order, third-party plaintiffs are *666 granted leave to amend the complaint and replead count III of the third-party complaint.

 Catalano Architects, Inc.

 Tom Catalano and Catalano Architects are distinct entities. For purposes of convenience, however, the third-party defendants will collectively be referred to as “Catalano.”