**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 04-1455**

───────────

BIS COMPUTER SOLUTIONS, INCORPORATED,

                                        Plaintiff - Appellee,

        versus

CITY OF RICHMOND, VIRGINIA,

                Defendant & Third Party Plaintiff - Appellant,

        versus

HALIFAX CORPORATION,

                                        Third Party Defendant.

───────────

**No. 04-1466**

───────────

BIS COMPUTER SOLUTIONS, INCORPORATED,

                                        Plaintiff - Appellant,

        versus

CITY OF RICHMOND, VIRGINIA,

                Defendant & Third Party Plaintiff - Appellee,

        versus

HALIFAX CORPORATION,

                                        Third Party Defendant.

Appeals from the United States District Court for the Eastern District of Virginia, at Richmond. Henry E. Hudson, District Judge. (CA-02-889-3)

Argued: October 27, 2004          Decided: January 13, 2005

Before WILKINS, Chief Judge, NIEMEYER, Circuit Judge, and Glen E. CONRAD, United States District Judge for the Western District of Virginia, sitting by designation.

Vacated and remanded by unpublished opinion. Judge Niemeyer wrote the opinion, in which Chief Judge Wilkins and Judge Conrad joined.

**ARGUED:** Beverly Agee Burton, Senior Assistant City Attorney, CITY ATTORNEY'S OFFICE, Richmond, Virginia, for City of Richmond, Virginia. Gary Robert Reinhardt, KALBAUGH, PFUND & MESSERSMITH, P.C., Richmond, Virginia, for BIS Computer Solutions, Incorporated. **ON BRIEF:** Vicki West Harris, Assistant City Attorney, CITY ATTORNEY'S OFFICE, Richmond, Virginia, for City of Richmond, Virginia. W. Barry Montgomery, KALBAUGH, PFUND & MESSERSMITH, P.C., Richmond, Virginia, for BIS Computer Solutions, Incorporated.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

NIEMEYER, Circuit Judge:

BIS Computer Solutions, Inc. ("BIS") commenced this action against the City of Richmond, Virginia (the "City") for breach of a contract between the City and Halifax Corporation. The contract provided for the creation, installation, and maintenance of a computerized records management system for the Richmond Police Department. After the district court concluded as a matter of law that BIS, a subcontractor, was entitled to sue on the contract as a third-party beneficiary, a jury returned a verdict in favor of BIS in the amount of $2,248,775 plus interest at 8% from November 22, 2000. The district court remitted the award and entered judgment in favor of BIS in the amount of $1,630,451, limiting interest to a portion of the award.

Because we conclude as a matter of law that BIS was neither a party to the contract between the City and Halifax nor an intended third-party beneficiary, it may not sue on the contract. Accordingly, we vacate the district court's judgment and remand with instructions to the district court to enter judgment in favor of the City.

I

The City and Halifax Corporation entered into a "Service Contract" dated March 22, 2000, under which Halifax agreed to provide the City with a specified computerized system to manage its police department records. The contract divided Halifax's

-3-

performance into two phases and provided that "payment for the first phase and continuation to the second phase depend[ed] upon successful completion of the first phase." Successful completion was to be determined by "acceptance testing," through which the City would confirm that the application software was free of "Level 1 or Level 2 Bugs." If any such bugs existed, the contract provided that the City could, "at its sole discretion," terminate the contract.

The contract recognized that Halifax had "engaged BIS to meet certain of its requirements and responsibilities under the terms of this Contract," and the City insisted that Halifax "not change its subcontractor during the performance of this Contract . . . without the written approval of City." Accordingly, after entering into the contract with the City, Halifax entered into a subcontract with BIS.

Halifax completed the first phase of the contract in August 2000, and subsequent testing resulted in the discovery of a number of data conversion problems, which required Halifax to revise the software. The City resumed its testing on November 5, 2000, and following a week of analysis, it concluded that the software continued to contain what it considered to be "Level 1 or Level 2 Bugs." Accordingly, the City terminated the contract on November 20, 2000. As of that time, the City had paid Halifax all invoices that Halifax had submitted, and Halifax submitted no

further invoices to the City.  Moreover, Halifax has raised no objection to the City's termination of the contract.

Notwithstanding Halifax's stance, BIS commenced this action against the City, alleging that the City breached its contract with Halifax and committed other violations of law, including violation of Virginia's Uniform Computer Information Transaction Act, violation of the UCC, and the common law torts of negligence, actual fraud, constructive fraud, tortious interference with a contract, and tortious interference with contractual expectancy.  BIS also alleged damages for quantum meruit.

The City filed a motion for summary judgment directed to the merits of each count and contending with respect to all counts that BIS was not an intended third-party beneficiary entitled to sue under the contract between the City and Halifax.  BIS filed a cross-motion for summary judgment requesting a declaration that it was an intended third-party beneficiary of the contract.

By an order dated August 4, 2003, the district court granted the City's summary judgment motion as to all of BIS's claims except breach of contract and quantum meruit.  The court also found as a matter of law that BIS was a third-party beneficiary entitled to sue under the contract between the City and Halifax.

A jury trial was held on September 3 and 4, 2003, during which the district court dismissed BIS's quantum meruit claim.  On

the remaining breach of contract claim, the jury returned a verdict for BIS and awarded damages of over $2.2 million plus prejudgment interest.  On the City's motion for judgment as a matter of law, the district court denied the motion with respect to liability, but reduced BIS's damage award to approximately $1.6 million and limited the award of prejudgment interest so that it applied to only $507,000 of the award.

From the district court's judgment, the City appealed, contending principally that the district court erred as a matter of law in concluding that BIS was an intended third-party beneficiary of the contract between the City and Halifax.  It also contends that the evidence was insufficient to show that the City breached its contract with Halifax and that the evidence was insufficient to support the jury's award of damages.  BIS filed a cross-appeal, challenging the district court's reduction of prejudgment interest.

II

Addressing first the district court's ruling on the third-party beneficiary issue, we review the district court's order de novo, see Henson v. Liggett Group, Inc., 61 F.3d 270, 274 (4th Cir. 1995), and apply Virginia substantive law.

The facts relevant to whether BIS was an intended third-party beneficiary are not disputed.  BIS was not a party to the contract between the City and Halifax, although it was a designated subcontractor that could not be changed without the City's

-6-

permission. The contract was a services contract entered into to provide the City with a computerized system to manage its police department records in exchange for compensation payable to Halifax. There is nothing in the record to indicate that the contract was entered into for any other purpose.

Virginia third-party-beneficiary law is based on section 55-22 of the Virginia Code, which provides that:

> An immediate estate or interest in or the benefit of a condition respecting any estate may be taken by a person under an instrument, although he be not a party thereto; and if a covenant or promise be made for the benefit, in whole or in part, of a person with whom it is not made, or with whom it is made jointly with others, such person, whether named in the instrument or not, may maintain in his own name any action thereon which he might maintain in case it had been made with him only and the consideration had moved from him to the party making such covenant or promise. . . .

It is well-settled that this provision "enables a third party to take an interest under an instrument, although not a party to it, if the promise is made for the third party's benefit and the evidence shows that the contracting parties <u>clearly and definitely intended</u> to confer a benefit upon such third party." <u>Ashmore v. Herbie Morewitz, Inc.</u>, 475 S.E.2d 271, 275 (Va. 1996) (emphasis added). But "a person who benefits only incidentally from a contract between others cannot sue thereon." <u>Copenhaver v. Rogers</u>, 384 S.E.2d 593, 596 (Va. 1989).

Section 55-22 and the relevant Virginia common law are also consistent with contract law generally.  Section 302(1) of the Restatement (Second) of Contracts provides that:

> . . . a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and . . . the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.

Restatement (Second) of Contracts § 302(1) (1981).  Part (2) of § 302 defines an "incidental beneficiary" as "a beneficiary who is not an intended beneficiary," and illustrations 17 and 19 of § 302 make clear that BIS falls into this latter category:

> 17.  B contracts with A to buy a new car manufactured by C.  C is an incidental beneficiary, even though the promise can only be performed if money is paid to C.

> \*     \*     \*

> 19.  A contracts to erect a building for C.  B then contracts with A to supply lumber needed for the building.  C is an incidental beneficiary of B's promise, and B is an incidental beneficiary of C's promise to pay A for the building.

Id. § 302 cmt. e, illus. 17, 19.  In contrast, the classic situations of intended third-party beneficiaries involve creditor beneficiaries, where the promisee is surety for the promisor, see id. § 302 cmt. b, and donee beneficiaries, see id. § 302 cmt. c.

With these principles in mind, it is clear that, as a matter of law, BIS was merely an incidental third-party beneficiary of the contract.  While the recognition of BIS as a subcontractor

may have added to the City's comfort in being assured that performance of the contract would be satisfactorily completed, the City surely did not secure a records management system in order to benefit BIS or any other subcontractor. It did so solely to benefit itself and its police department, and any benefit to BIS and other subcontractors was incidental. For example, in Valley Landscape Co., Inc. v. Rolland, 237 S.E.2d 120 (Va. 1977), the Supreme Court of Virginia explained that the primary purpose of a contract between a property owner and an architect was "to assure that the owner [would] get a finished product in accordance with the plans" he had approved. Id. at 122. Therefore, the court held, a contractor of the owner could not bring suit as an intended third-party beneficiary against the architect. Id. at 124. Similarly in this case, the primary purpose of the contract between the City and Halifax was to assure that the City would receive a working records management system for its police department in accordance with the contractual specifications, and BIS cannot bring suit as an intended third-party beneficiary.

The nature of the contract between the City and Halifax is essentially analogous to any standard construction contract in which a property owner retains a contractor to complete a project, and the contractor hires subcontractors to assist in performing the contractor's work. Unless the parties otherwise specify, the sole intended beneficiaries of any such contract are the property owner

and the contractor.  Any third party benefiting from the contract, such as a subcontractor, is only an _incidental_ beneficiary.  And under Virginia law and under contract law generally, such an incidental beneficiary of a contract who is not a party to the contract may not sue for breach of that contract.  See Va. Code Ann. § 55-22; Restatement (Second) of Contracts § 302 (1981).

Were we to hold that BIS was an intended beneficiary of the contract between the City and Halifax, we would be broadening the third-party beneficiary doctrine inappropriately.  This is especially clear in this case because the contracting parties apparently have no dispute.  The City paid all invoices submitted by Halifax to the City, and Halifax made no objection to the City's termination of the contract.  If Halifax has not paid BIS under their subcontract, that is a matter between them.

Because BIS was not an intended third-party beneficiary entitled to sue under a contract to which it was not a party, we vacate the judgment entered by the district court and remand with instructions to enter judgment in favor of the City.[*]

VACATED AND REMANDED

---

[*]In view of our disposition of the third-party beneficiary issue, we need not address the other issues raised by the City and by BIS.

-10-