174

## CIRCUIT COURT OF FAIRFAX COUNTY

Steven P. Afsahi,
Trustee

v.

Branch Bank & Trust Co.
of Virginia

v.

David Bagheri
and Fancy Burgers, L.L.C.

August 3, 2009

Case No. CL 2008-9183

BY JUDGE RANDY I. BELLOWS

The Court has received BB&T's Memorandum in Support of Entry of Judgment Order against Defaulted Third-Party Defendants. This memorandum of law was filed in response to the Court's concern that the conditional language in the third-party complaint filed by BB&T failed to state a cause of action against the third-party defendants. Having reviewed BB&T's memorandum of law, as well as *Valley Landscape Co. v. Rolland*, 218 Va. 257, 237 S.E.2d 120 (1977), cited therein, the Court finds that the third-party complaint does state a cause of action against the third-party defendants.

However, the Court has also reviewed Judge Ney's opinion in *JDR Capital Corp. v. Henry's Wrecker Service, Inc.*, 2000 Va. Cir. LEXIS 499 (Va. Cir. Mar. 22, 2000). In that opinion, Judge Ney found that a default judgment could not be entered on a third-party complaint without a finding of liability against the third-party plaintiff. Judge Ney's opinion comports with *Valley*

*Landscape Co.*, which quoted Wright & Miller on *Federal Practice and Procedure*'s discussion of Federal Rule of Civil Procedure 14(a). Wright & Miller note that:

> [a] third-party claim may be asserted under Rule 14(a) only when the third party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to defendant. The secondary or derivative liability notion is central, and it is irrelevant whether the basis of the third-party claim is indemnity, subrogation, contribution, express or implied warranty, or some other theory. But impleader is proper only when a right to relief exists under the applicable substantive law. . . .

218 Va. at 263 (quoting 6 Wright & Miller, *Federal Practice and Procedure*, § 1446, p. 245-50 (1971)). In *JDR Capital*, Judge Ney held that:

> [a] third-party defendant cannot be liable to a third-party plaintiff absent underlying liability of the third-party plaintiff to the initial plaintiff. That liability must be reflected in a judgment or proof of payment resulting from liability created by the third-party defendant before it can be derivatively transferred to the third-party defendant.

*Id.* (emphasis added). At the present time, Afsahi and Branch Banking and Trust Company of Virginia have settled their case, (*see* BB&T's Mem. ¶ 3), but without any admission of liability by Branch Banking and Trust Company of Virginia. (*See* BB&T's Mem. ¶ 10.) Therefore, the Court finds that it cannot grant the motion for default judgment unless a finding of liability is made against Branch Banking and Trust Company of Virginia.

### Order

Third-party plaintiff's motion for default judgment against third-party defendants is denied without prejudice. Third-party plaintiff may bring a motion for default judgment against third-party defendants after a finding of liability is entered against third-party plaintiff.