# CIRCUIT COURT OF THE CITY OF NORFOLK

139 Riverview, L.L.C.

v.

Quaker Window Products Co.,
KBS, Inc.,
and Travelers Casualty
and Indemnity Co.

v.

The Phoenix Corporation

August 31, 2015

Case No. CL13-5877-03/04

BY JUDGE JERRAULD C. JONES

This matter comes before the Court on Third-Party Defendant The Phoenix Corporation's Motion in Opposition to Plaintiff's Motion for Leave To File an Amended Complaint against The Phoenix Corporation in the matter pending before the Court as CL13-5877-03.

Plaintiff 139 Riverview, L.L.C., commenced this action against KBS, Inc., under breach of contract and breach of warranty theories. KBS then filed a third-party complaint against The Phoenix Corporation ("TPC") pursuant to Rule 3:13(a) of the Rules of the Supreme Court of Virginia, alleging that TPC was liable to KBS to the extent that it was found liable to Plaintiff.

After the filing of the third-party complaint against TPC, Plaintiff settled its claims against KBS. As part of this settlement, KBS assigned all of its rights and claims against TPC to Plaintiff. On August 12, 2014, this Court entered an order dismissing Plaintiff's claims against KBS with prejudice and substituting Plaintiff in place of KBS in the Third-Party Complaint

against TPC. Plaintiff now seeks to proceed against TPC on the third-party action commenced by KBS, which has been assigned case number CL13-5877-03.

The essential question facing the Court is whether Plaintiff may maintain a third-party complaint commenced by a defendant who has been dismissed from the action with prejudice, but who assigned all of its rights and claims against the third-party defendant to Plaintiff.

TPC contends that Plaintiff may not maintain this action because it is not a "defending party" under Rule 3:13(a), and thus may not enforce a claim as a third-party plaintiff in an action in which it is also the original plaintiff. Further, TPC asserts that allowing a plaintiff to act as a third-party plaintiff in its own action would be inconsistent with the nature and purpose of Rule 3:13 and third-party practice in general. In response, Plaintiff argues that it may enforce the Third-Party Complaint as the assignee of KBS's claims against TPC and that the Court's jurisdiction to decide these claims against TPC has not disappeared merely because they have been assigned to Plaintiff.

The parties presented oral argument before the Court on this motion on August 26, 2015. The Court has carefully considered and examined the arguments made by the parties relating to this motion.

The Court finds that Plaintiff may not maintain the Third-Party Complaint as an assignee of KBS because Plaintiff is not a "defending party" under Rule 3:13 and because the prosecution of a third-party claim by the original plaintiff to the action is inconsistent with the nature of third-party practice. Consequently, permitting Plaintiff to enforce claims raised in the form of a third-party complaint would be inconsistent with Rule 3:13.

First, Rule 3:13 expressly provides that only a "defending party" may initiate third-party complaints. R. Sup. Ct. Va. 3:13(a). Although there is no authority supplying a meaning to the term "defending party," Plaintiff is clearly not a "defending party," because it is not defending against any claim for which it seeks to hold TPC liable.

Second, while the language of the Rule only refers to the filing and serving of a third-party complaint, allowing a party who is not defending against any claim to maintain a third-party claim initiated by a defendant who has since been dismissed from the action would be inconsistent with the nature and function of third-party practice. Third-party claims may be brought under Rule 3:13 "only for the purpose of passing through to the third-party defendant all or part of the liability which might be imposed on the defendant by the plaintiff as a result of the conduct of the third-party defendant." *Valley Landscape Co. v. Rolland*, 218 Va. 257, 263, 237 S.E.2d 120, 124 (1977). In other words, an essential attribute of any claim raised in a third-party complaint is that it be secondary or derivative to some principal claim that forms the basis of the original action. *Id.*; see also *Kohl's Dep't Stores, Inc. v. Target Stores, Inc.*, 214 F.R.D. 406, 413

(E.D. Va. 2003) (holding that third-party claims brought under Federal Rule of Civil Procedure Rule 14, on which Rule 3:13 is based, must allege some liability on the part of the third-party defendant that is "in some way derivative of the main claim.").

Additionally, the Supreme Court of Virginia noted in *Gilbreath v. Brewster* that, because they are derivative in nature, true third-party claims cannot be adjudicated independently of the principal claim on which the action is based. *Gilbreath v. Brewster*, 250 Va. 436, 442, 463 S.E.2d 836, 839 (1995)). Although not squarely on point with the question raised by this Motion, this holding illustrates that claims that may properly be raised by a third-party complaint are derivative in nature to some principal claim, and thus, cannot be resolved in a separate action. In this case, the claims Plaintiff seeks to enforce in the third-party action could be adjudicated independently of Plaintiff's principal claim against Quaker Windows. Therefore, Plaintiff's claims against TPC are not true third-party claims. Rather, the claims which Plaintiff seeks to raise against TPC in CL13-5877-03 constitute principal claims in their own right, and thus are not "derivative" of any "main claim." Consequently, Plaintiff's effort to pursue these claims in an action styled as a third-party claim is improper.

In sum, Plaintiff's pursuit of the claims against TPC assigned to it by KBS are not proper third-party claims under Rule 3:13. The Court notes that, as assignee of KBS's rights and claims against TPC, Plaintiff may attempt to enforce those rights and claims against TPC and seek any relief to which it is entitled under applicable law. However, Plaintiff cannot do so by maintaining a third-party action filed by its assignor in an action commenced by Plaintiff.

Accordingly, the Court denies Plaintiff's Motion To Amend its Complaint in the matter designated CL13-5877-03. This ruling is not intended to prohibit Plaintiff from enforcing the claims against TPC assigned to it by KBS in a separate action or from moving for leave to amend its complaint in its original action (CL13-5877) to incorporate these claims therein.