## WASHINGTON v LEVINSON, etc.

Ohio Appeals, 1st Dist, Hamilton Co

No 5900. Decided Jan 27, 1941

Stanley A. Silversteen, Cincinnati, for appellee.

George H. Johnson, Cincinnati, for appellant.

### OPINION

By MATTHEWS, J.

This is an appeal from a judgment rendered by the Municipal Court of Cincinnati in an action instituted under favor of §11635 GC, to set aside a judgment rendered at a prior term by that court in another action between the same parties.

The judgment in the prior action was upon a cognovit note without notice to the defendant therein.

The ground for setting aside that judgment alleged in a bill of particulars is that the plaintiff in this action did not sign the note and was not indebted in any way to the payee, and was not summoned or otherwise legally notified of the time and place of taking such judgment. The bill of particulars, therefore, stated the ground set forth in paragraph nine of §11631 GC. The allegations, if true, show that the judgment was entirely void for lack of jurisdiction over the person of the defendant.

At the trial, the court heard all the evidence tendered by either party and then entered a judgment on this evidence dismissing the plaintiff's petition.

The plaintiff then filed a motion for a new trial and upon a hearing of this motion, the court made the following entry:

"The motion in the within cause to set aside the decision and refusing to vacate the judgment in case No. 307389 and to vacate the judgment in said cause No. 307389, upon consideration thereof the court finds said motion well taken and therefore sets aside the decision heretofore rendered in this cause and hereby set aside the judgment in case No. 307389, to all of which the defendant herein excepts."

The bill of exceptions shows that the trial court concluded that it could consider only the evidence offered by the defendant in the original action and ordered all other evidence stricken from the record. Nevertheless, all the evidence is in the record.

It is from this judgment that this appeal was taken.

It will be observed that by the first entry the court dismissed the petition to vacate the judgment, and that by the second entry (which is the one appealed from) the court set aside the judgment in the former action thereby granting all the relief sought in the second action.

At a hearing under §11631 GC, the court does not decide the merits of the original controversy. It ▆▆▆▆▆▆ ▆ determines (1) whether there is one of the grounds set forth in §11631 GC, for the vacation or modification of the judgment, and (2) in order that an opportunity to litigate the original controversy may not be entirely vain and futile, it also determines whether there is a valid defense to that action in the sense that a valid defense is alleged and sufficient evidence produced, if believed, to lead the court to conclude that the trier of the facts in the original action would decide that it was sufficient, and on these issues, the parties have a right to introduce all relevant evidence and the court should consider all such evidence in reaching its conclusion. If the court finds that the defendant has a valid defense in this sense, it does not render judgment in the ▆▆▆▆▆▆▆ ▆ original action. It makes an order suspending the judgment that had been rendered until such time as the issues in the original action could be joined and determined, as though no judgment had ever been entered. If the issues of fact are triable to a jury and the jury is not waived, they must be submitted to a jury. 23 O. Jur. 1252, et seq. Consolidated Press & Printing Co. v Leibowitz, 27 Abs 10.

In 23 O. Jur. 1253, it is said:

"If the court decides the preliminary issue in favor of the defendant sustaining his ground of vacation and the validity in law of the alleged defense, the cause then is heard on the merits of the petition, answer, reply and the evidence, as in other cases, as if no judgment had ever been rendered. Consequently, the issues of fact joined in the original action are triable to a jury, if a jury issue is presented, or to the court if there is not a jury issue, or if a jury is waived."

In reaching its conclusion that a counterclaim is not a defense under §11635 GC, the court in Bulkley v Greene, 98 Oh St 55, construed §11631 et seq., and its construction was stated in the text of Ohio Jurisprudence which we have quoted. The court recognized and stated that the issues as to the merits of the original cause of action must be determined in that action, and not in the action to vacate or suspend the judgment rendered therein, and that the procedure should be the same as though no judgment had ever been rendered.

Of course, in this action, as well as in the original action, the court could and should decide whether the warrant of attorney had been signed, but that

determination would be for the sole purpose of deciding whether it had jurisdiction to pass upon the merits and award relief. If defendant appeared and contested the merits on the ground that he did not sign the note, the court's decision on the jurisdictional issue could not preclude him from his constitutional right to a trial by jury of that issue. Nor could the court's decision in the proceedings to vacate on the ground that the defendant had a "legally valid" defense preclude the plaintiff of its right to have that issue determined in the original action in the appropriate manner by a jury, if it was a jury issue, under the Constitution. These sections must be construed and applied in conformity to constitutional provisions. When the court has determined that the defendant has stated a legally valid defense and has introduced substantial evidence to support every element of it, he is entitled to have the judgment suspended until the validity of the defense is determined in the original action, and, the circumstance that the same facts constitute the ground for vacation does not alter the rule.

Clearly, the defendant would be entitled to a trial by jury in the original action. Had this proceeding been in-action. Had this proceeding been instituted in that action, we would have been inclined to hold that as a jury had not been demanded on the issue of what, if anything, was due, it had been waived in accordance with §1558-64 GC, but if that issue in the original case was to be determined finally in this action, an entirely different rule as to the burden and degree of proof should have been applied. But as this was an independent action, all the court could do was to decide the issues therein, and not the issues in the original action. We are, therefore, not presented with the question of a waiver of the right to a jury trial.

As we construe the statute, the plaintiff as well as the defendant is entitled to introduce evidence on the issues in the vacation proceeding. The court,

therefore, gave a wrong reason for disregarding and striking from the record evidence offered by the plaintiff. but as this evidence had no tendency to prove that the defense was not "legally valid". there was no prejudice in the court's action.

It should also be said that while the defendant had the burden, that burden is to prove by the greater weight of the evidence the ground for vacation, and that he has a "legally valid" defense. The merits of that defense can only be determined in the original action.

Our conclusion is, that the court should have suspended the execution of the judgment upon the hearing, but should not have vacated or modified it until and unless it had been determined in the original action that the defendant was not indebted in the amount for which the judgment has been rendered. Unless it is finally so determined, the judgment is not set aside at all and retains whatever priorities and liens to which it is entitled by reason of its date and the proceedings taken to enforce it. Sec. 11637 GC. Frazier v Williams, 24 Oh St 625; Bulkley v Greene, 98 Oh St 55.

In the entry appealed from the language used is susceptible of the construction that the judgment was declaired null and of no effect. The court "sets aside" the judgment. The judgment should be modified, so as to make it clear that what the court has done is to suspend the operation of the judgment until the issue of fact is properly determined in the action in which the judgment was rendered. As so modified, the judgment is affirmed.

HAMILTON, PJ. & ROSS, J., concur.