AMBIANCE ASSOCIATES, INC., T/A, ETC.

v.

ROBERT J. KILBY, JR.

Record No. 820375

September 6, 1985

Present: All the Justices

*Joseph D. Roberts (Slenker, Brandt, Jennings & Johnston*, on brief), for appellant.

*Michael J. Garnier (Jean-Pierre Garnier; Jean-Pierre Garnier, P.C.*, on brief), for appellee.

COMPTON, J., delivered the opinion of the Court.

In this personal injury action, the judgment we review is part of a procedural tangle that developed following the verdict.

In April of 1980, appellee Robert J. Kilby, Jr., was an invitee in a restaurant of appellant Ambiance Associates, Inc., trading as The Black Angus Steakhouse, located in Fairfax County. While a flaming dessert was being prepared by a waiter at Kilby's table, an "explosion or flash fire" occurred burning Kilby severely. The waiter claimed he was "bumped" unexpectedly, causing rum in a bottle to ignite as he was moving the bottle from near the flaming dessert.

Subsequently, Kilby filed this personal injury suit against the restaurant, and a jury found in his favor in an April 1981 trial, fixing the damages at $20,000.00. Later, Judge Cacheris of the court below, who presided at the trial, sustained defendant's motion to set the verdict aside on the ground that the court had erred in refusing to give an instruction on intervening cause. In September of 1981, Judge Cacheris ordered "that the defendant's Motion to Set Aside the Jury Verdict is granted and [that] this case be returned to the docket for trial on all issues." At the time, the court did not rule on the other ground of defendant's motion to set aside the verdict, *i.e.*, that the verdict was excessive in amount. The new trial subsequently was scheduled for November 4, 1981.

Later, the plaintiff moved that the new trial be limited to the question whether the defendant was insulated from its negligence, as found by the jury, through the intervention of an efficient intervening cause acting independently of such negligence. The plaintiff noted that the order setting aside the verdict "in no way" addressed whether the jury's finding of primary negligence was incorrect or whether the verdict was excessive. The plaintiff took the position that the questions of primary negligence and damages had been "litigated" and "come within the doctrine of res adjudicata." In October of 1981, Judge Cacheris ruled that the new trial should not be limited but should be on the issues of both liability and damages, and declared that the verdict was not excessive.

On November 4, a jury was impanelled for the new trial before Judge Jamborsky of the court below, and excused from the courtroom. Defendant's attorney stated that he was admitting liability on behalf of his client. Giving the reasons for this action, counsel said that "one of my main witnesses is gone now and . . . I think

there's going to be a finding of liability against my client. Besides that, my client now wants me to do that."

Counsel for the plaintiff then moved that the verdict be reinstated and that summary judgment be entered in favor of his client for $20,000.00. The plaintiff argued that because there was presently no issue regarding defendant's liability and because Judge Cacheris had ruled the original verdict was not excessive, "the only thing the defendant is trying to do here today is get a second crack at the question of damages which Judge Cacheris has ruled explicitly should not be touched." The plaintiff said that the only reason a new trial was being held was because of a question affecting liability. He contended that, because liability was no longer an issue in view of defendant's admission, there was no need for a new trial to be held on a moot question and the verdict of the first jury, which had been found to be not excessive, should be reinstated. Opposing the motion, defendant's counsel argued that, when Judge Cacheris set aside the verdict and ruled that the new trial should be on all issues, the parties thereafter were "really starting with a clean slate." After considering the argument of counsel and reviewing the court file, Judge Jamborsky agreed with the plaintiff's contentions and entered judgment for the plaintiff for $20,000.00, with interest from November 4, 1981. This was error.

When the trial court set the verdict aside and ordered the case "returned to the docket for trial on all issues," the verdict thereby was of no further effect insofar as the proceedings in the trial court were concerned. The term to "set aside" means to annul, cancel, vacate, void, or revoke. Black's Law Dictionary 1230 (5th ed. 1979); Webster's Third New International Dictionary 2077 (1971). *See Migdol* v. *United States*, 298 F.2d 513, 516 (9th Cir. 1961); *Washington* v. *Levinson*, 66 Ohio App. 461, 466, 35 N.E.2d 161, 163 (1941). Accordingly, when the trial court granted the plaintiff's November motion to "reinstate" the former verdict and to enter summary judgment thereon, no verdict was extant upon which that ruling could operate. The April verdict had been rendered void and of no effect by the trial court's September order setting the verdict aside and granting the new trial.

Thus, we will reverse the judgment in favor of the plaintiff and will order a new trial. The new trial, however, shall be limited to the issue of damages only. We reject defendant's appellate contention that the new trial should be on all issues. A distinct, formal,

binding, judicial admission of liability has been made in the trial court, *Virginia-Carolina Chemical Co. v. Knight*, 106 Va. 674, 678, 56 S.E. 725, 727 (1907), and we will not permit withdrawal of the admission on appeal.

*Reversed and remanded.*

STEPHENSON, J., dissenting.

I respectfully dissent.

Judge Cacheris set aside the jury verdict and granted a new trial solely because he concluded that he had erred in refusing to give a jury instruction on intervening causation. He expressly held, however, that the verdict was not excessive. Thus, the error he acknowledged affected only the issue of liability, not damages. Therefore, when the defendant conceded liability, the error was moot.

Nevertheless, the majority holds that the defendant is entitled to a new trial on the issue of damages. It reasons that once a trial court sets aside a verdict it is powerless thereafter to reinstate it. I do not agree.

The law is clear that an order setting aside a verdict is an interlocutory order and remains under the control of the court until a final judgment is entered. *Freezer v. Miller*, 163 Va. 180, 197 n.2, 176 S.E. 159, 165 n.2 (1934). Moreover, an interlocutory order may be modified or rescinded at any time before a final judgment. *Id.* at 197-98 n.2, 176 S.E. 159, 165 n.2; *see Kirn v. Bembury*, 163 Va. 891, 901-02, 178 S.E. 53, 57 (1935).

Consequently, the trial court had the power to rescind its order setting aside the verdict and to reinstate the jury verdict. Moreover, I believe the court ruled correctly because the jury in the first trial determined the amount of plaintiff's damages and the trial judge ruled that the verdict was not excessive. Therefore, I would affirm the judgment.

RUSSELL, J., joins in dissent.