Present:  All the Justices

WARREN E. KELLEY
                         OPINION BY JUSTICE ROSCOE B. STEPHENSON, JR.
v.  Record No. 951503
                                           June 7, 1996
MICHAEL R. GRIFFIN, ET AL.

                FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                        Jack B. Stevens, Judge


     The dispositive issue in this appeal is whether a party

seeking reformation and subordination of a deed of trust has

standing to obtain such relief.

     Warren E. Kelley filed a chancery suit against Samson

Financial Group, Inc. (Samson), Michael R. Griffin, and various

trustees, seeking to have a deed of trust securing Samson (the

Samson deed of trust)[1] set aside and declared null and void and

to have a purchase money deed of trust securing Kelley (the

Kelley deed of trust) restored to first priority.  Samson filed

an amended cross-bill, seeking reformation of the Kelley deed of

trust and its subordination to the Samson deed of trust.

     Following an ore tenus hearing, the trial court reformed the

Kelley deed of trust and subordinated it to the Samson deed of

trust.  Kelley appeals.

     The facts germane to the dispositive issue are undisputed

and may be stated briefly.  On June 30, 1993, Kelley and Griffin

 entered into a written contract whereby Kelley agreed to sell

and Griffin agreed to purchase certain unimproved real estate in

Fairfax County.  The contract provided for a first purchase money

--------

[1]The party actually secured was Marc A. dos Santos who
thereafter assigned the deed of trust to Samson.

deed of trust on the land securing Kelley in the payment of a note made by Griffin in the amount of $68,000, the balance of the purchase price. The contract also provided for the subordination of the purchase money deed of trust (the Subordination Provision). The Subordination Provision stated that the

> deed of trust shall contain a provision requiring the trustees under [the] deed of trust, without the necessity of obtaining the prior consent of [Kelley], to subordinate the . . . deed of trust to any bona fide construction loan or loans placed from time to time upon the . . . property . . . or portions thereof.

Thereafter, Griffin, a builder, submitted a development plan to Samson, a construction lender. Samson agreed to make a construction loan to Griffin and informed Kelley that it "ha[d] committed to . . . Griffin financial backing regarding the [property]."

In October 1993, Kelley proceeded to settlement on the contract. A provision requiring subordination to any construction loan, however, was not included in the Kelley deed of trust. Kelley attended the settlement and afterward understood that he had a first lien on the property.

On the same day that Kelley proceeded to settlement on the contract, Griffin closed on the construction loan. Upon settlement of the construction loan, the settlement attorney had the Samson deed of trust recorded ahead of the Kelley deed of trust and had the word, "SECOND," typed on the face of the Kelley deed of trust. Kelley first learned of what the settlement attorney had done when Samson attempted to foreclose on its deed

of trust.  This litigation ensued.

Kelley contends on appeal, as he did at trial, that Samson does not have standing to seek the relief requested in its cross-bill because Samson was neither a party to the contract nor in privity with a party thereto.  Samson concedes that it was neither a party to the contract nor in privity with a party thereto.  Samson contends, nonetheless, relying upon Code § 55-22, that it has standing as a third-party beneficiary of the contract.

> Code § 55-22 reads, in pertinent part, as follows: [I]f a covenant or promise be made for the benefit, in whole or in part, of a person with whom it is not made, or with whom it is made jointly with others, such person, whether named in the instrument or not, may maintain in his own name any action thereon which he might maintain in case it had been made with him only and the consideration had moved from him to the party making such covenant or promise.

Pursuant to Code § 55-22, therefore, a third party who claims to be the beneficiary of a contract between others need not be named in the contract.  The third party, however, must show by the evidence that the parties to the contract clearly and definitely intended to confer a direct benefit upon him.  Aetna Casualty v. Fireguard Corp., 249 Va. 209, 214-15, 455 S.E.2d 229, 232 (1995); Ward v. Ernst & Young, 246 Va. 317, 331, 435 S.E.2d 628, 635 (1993); Valley Company v. Rolland, 218 Va. 257, 259-60, 237 S.E.2d 120, 122 (1977).  A mere incidental beneficiary of a contract does not have standing to sue on the contract. Copenhaver v. Rogers, 238 Va. 361, 367, 384 S.E.2d 593, 596

(1989); Valley Company, 218 Va. at 260, 237 S.E.2d at 122; N.-P. Newspapers v. Stott, 208 Va. 228, 231, 156 S.E.2d 610, 612 (1967).

Applying these principles of law in the present case, it becomes readily apparent that Samson was not a third-party beneficiary of the contract between Kelley and Griffin.  Only Kelley and Griffin acquired benefits and assumed obligations under the contract, and, clearly, they did not intend to confer a direct benefit upon Samson.  Indeed, Samson was a stranger to the contract, and there is no evidence that the parties considered or even knew about Samson when the contract was executed.  It was, at best, an incidental beneficiary of the contract.  Griffin, alone, has standing to seek enforcement of the Subordination Provision, and he has not sought to do so.  Consequently, we conclude that the trial court erred in ruling that Samson had standing to seek reformation and subordination of the Kelley deed of trust, and we hold that the lien of the Kelley deed of trust is superior to the lien of the Samson deed of trust.

Accordingly, we will reverse and vacate the judgment of the trial court and remand the case to the trial court with directions that it take the appropriate action to ensure the superiority of the lien of the Kelley deed of trust.[2]

---

[2]In his brief, Kelley contends that he is entitled to damages and requests a remand for an award of damages.  Kelley, however, did not seek this relief in his pleadings, and, therefore, we deny his request.

<u>Reversed and remanded</u>.