**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-2472**

ROXANNE R. JACKSON,

        Plaintiff - Appellant,

    v.

BAYVIEW LOAN SERVICING, LLC,

        Defendant – Appellee,

    and

CITIFINANCIAL MORTGAGE COMPANY,

        Defendant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Anthony John Trenga, District Judge. (1:15-cv-00871-AJT-MSN)

Submitted: September 8, 2016    Decided: September 26, 2016

Before DUNCAN, KEENAN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Christopher E. Brown, THE BROWN FIRM PLLC, Alexandria, Virginia, for Appellant. Jonathan S. Hubbard, Sarah Warren Smith, TROUTMAN SANDERS LLP, Richmond, Virginia; Jason E. Manning, TROUTMAN SANDERS LLP, Virginia Beach, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Roxanne R. Jackson appeals the district court's order granting Appellee's motion to dismiss her amended complaint under Fed. R. Civ. P. 12(b)(6). We have reviewed the record and the parties' briefs on appeal, and we find no reversible error. Accordingly, we affirm the district court's order.

We review de novo the grant of a motion to dismiss under Rule 12(b)(6). King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). In reviewing the dismissal, we "may consider additional documents attached to the complaint or the motion to dismiss so long as they are integral to the complaint and authentic." Id. at 212 (citation and internal quotation marks omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Bare legal conclusions are not entitled to the assumption of truth and are insufficient to state a claim." King, 825 F.3d at 214 (citations and internal quotation marks omitted).

Jackson seeks to retain possession of real property in Virginia after she defaulted on her mortgage loan and the property was sold at a foreclosure sale to Appellee. Appellee was not the original lender on Jackson's deed of trust, but prior to her default, an assignment of mortgage was executed and recorded that

2

assigned the lender's rights in the deed of trust to Appellee. After Jackson defaulted on her loan, Appellee appointed substitute trustees, and the property was sold.

In this action, Jackson seeks to challenge the assignment to Appellee. However, under Virginia law, only a party or intended beneficiary of a contract or instrument has standing to sue on the contract or instrument. See Va. Code Ann. § 55-22; Kelley v. Griffin, 471 S.E.2d 475, 477 (Va. 1996); see also Buzbee v. U.S. Bank, N.A., 84 Va. Cir. 485 (2012) (holding borrowers lacked standing to challenge assignment of deed of trust). Because Jackson does not allege that she was a party or intended beneficiary of the assignment, we conclude that she lacks standing to challenge the assignment in this case.

Notwithstanding Virginia precedent, Jackson argues that we should apply the rule announced by the California Supreme Court in Yvanova v. New Century Mortg. Corp., 365 P.3d 845 (Cal. 2016), that when a challenged assignment is void as opposed to merely voidable, the borrower does not lack standing to sue for wrongful foreclosure. However, even if we were inclined to apply another state's rule, we conclude that Jackson fails to allege facts showing a "void" assignment.

We therefore affirm the district court's order. We dispense with oral argument because the facts and legal contentions are

adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED