COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:    Judges O'Brien, Ortiz and Friedman
Argued by videoconference


MARGARET HANCKO, F/K/A
  MARGARET MCCLUNG
                                                    MEMORANDUM OPINION* BY
v.       Record No. 1753-23-4                       JUDGE DANIEL E. ORTIZ
                                                    DECEMBER 30, 2025
NEW PENN FINANCIAL, LLC, D/B/A
  SHELLPOINT MORTGAGE SERVICING AS
  SERVICER FOR THE BANK OF NEW YORK
  MELLON, F/K/A THE BANK OF NEW YORK, AS
  TRUSTEE FOR THE CERTIFICATE HOLDERS
  CWMBS, INC., CHL MORTGAGE PASS-THROUGH
  TRUST 2006-HYB4 MORTGAGE PASS-THROUGH
  CERTIFICATES, SERIES 2006-HYB4


FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
James E. Plowman, Jr., Judge

Thomas D. Domonoske (Henry W. McLaughlin; The Law Office of
Henry McLaughlin, PC, on brief), for appellant.[1]

David Solan (Fidelity National Law Group, on brief), for appellee.


Margaret Hancko challenges the circuit court's orders (1) granting New Penn's[2] motion

for summary judgment on its claims for quiet title, reformation of land records, and declaratory

judgment, and (2) sustaining New Penn's demurrer to her counterclaim for quiet title. Hancko

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] Domonoske entered the case to represent Hancko after briefing was completed in this
matter.

[2] New Penn's full name is "New Penn Financial, LLC D/B/A Shellpoint Mortgage
Servicing as Servicer for the Bank of New York Mellon, FKA the Bank of New York, as Trustee
for the Certificate holders CWMBS, Inc., CHL Mortgage Pass-Through Trust 2006-HYB4,
Mortgage Pass-Through Certificates, Series 2006-HYB4."

argues that there were genuine issues of material fact regarding whether New Penn's claims were barred by laches and whether New Penn had standing to bring its claims because an assignment of a deed of trust and loan note to a previous holder was invalid. The circuit court held that there were no genuine issues of material fact, Hancko had failed to plead laches as an affirmative defense, and Hancko lacked standing to challenge the assignment of the note. We agree that Hancko failed to plausibly allege a counterclaim for quiet title or plead laches. But the circuit court erred by holding that Hancko lacked standing to challenge the assignment of the note, and there is a genuine issue of material fact preventing entry of summary judgment on New Penn's claims. Thus, we affirm the circuit court's judgment in part, reverse it in part, and remand the case for further proceedings.

BACKGROUND[3]

Hancko and Michael H. McClung bought a home together in 1997. But in 1999, they deeded the property to Hancko as sole owner. In 2005, Hancko took out a $560,000 loan from Countrywide Bank, N.A., and secured it with a deed of trust on the home. The loan note defines Countrywide Bank as the "Lender" and does not mention any beneficiary of the note other than Countrywide Bank. Hancko endorsed the note in blank, however, and the note states, "I understand that Lender may transfer this Note." *See* Code § 8.3A-205.

---

[3] To the extent this case involves review of an order entering summary judgment, "we review the record applying the same standard a trial court must adopt in reviewing a motion for summary judgment, accepting as true those inferences from the facts that are most favorable to the nonmoving party, unless the inferences are forced, strained, or contrary to reason." *Neal v. Sec'y of the Dep't of Veterans Affairs*, 79 Va. App. 1, 3-4 (2023) (quoting *Fultz v. Delhaize Am., Inc.*, 278 Va. 84, 88 (2009)). Because Hancko's counterclaim was disposed of by demurrer, we note those facts separately, where relevant, and, for purposes of reviewing the demurrer, "we accept as true all factual allegations expressly pleaded in the [counterclaim] and interpret those allegations in the light most favorable to the [counterclaimant]." *Coward v. Wellmont Health Sys.*, 295 Va. 351, 358 (2018).

The deed of trust also defines Countrywide Bank as the "Lender." The deed specifies that Hancko conveyed the property to the trustee "for the benefit of Mortgage Electronic Registration Systems, Inc. [MERS] as beneficiary." The deed elaborates that "MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the beneficiary under this Security Instrument."

The deed of trust nowhere defines the term "nominee"; however, MERS's rights and duties under the deed of trust are mentioned sporadically in the document. The instrument explains, for example, MERS's rights relating to enforcement of the deed of trust:

> Borrower understands and agrees that MERS holds only *legal* title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

(Emphasis added). The deed of trust further states, "The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS." Additionally, "This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note." The loan note does not mention MERS or the term "nominee."

In 2009, MERS executed a "Corporation Assignment of Deed of Trust" assigning "all *beneficial* interest under" the deed of trust, "together with the note" to Countrywide Home, Loans, Inc. (Emphasis added). The 2009 assignment does not mention Countrywide Bank. In 2012, Countrywide Home Loans executed a "Certificate of Transfer" assigning "all *beneficial* interests under" the deed of trust, "together with the note" to The Bank of New York Mellon f/k/a the Bank of New York, as Trustee for the Certificate Holders of the CWMBS, Inc., CHL

Mortgage Pass-Through Trust 2006-HYB4, Mortgage Pass Through Certificates, Series 2006-HYB4. (Emphasis added).

Bank of New York filed this action alleging the 1999 deed to Hancko, the deed of trust, and the 2009 assignment each contain three identical scrivener's errors in the description of the property. Bank of New York asserted four claims: (1) quiet title, (2) reformation of the three documents to fix the scrivener's errors to match the property description in the 1997 deed, (3) a declaratory judgment of the validity and priority of the deed of trust, and, alternatively, (4) an equitable lien. Before Hancko filed any response, New Penn filed an amended complaint on May 3, 2019, substituting itself as the plaintiff, nominally "as servicer for" Bank of New York.[4] The amended complaint was otherwise substantively identical to the complaint.[5]

On August 8, 2019, Hancko filed an answer to the amended complaint and a counterclaim for quiet title seeking a declaration that New Penn has no rights under the note and deed of trust. Hancko asserted three theories: (1) MERS was not authorized to assign the note or deed of trust, so MERS's 2009 assignment to Countrywide Home Loans and Countrywide Home Loans' 2012 assignment to New Penn were both invalid; (2) the "trust instrument creating New Penn forbade assignment of the subject note to New Penn after 2007," so the 2012 assignment of the note to New Penn was void under New York Estates, Powers and Trusts Law (E.P.T.L.) § 7-2.4; and (3) the statute of limitations for enforcement of the deed of trust had expired.

New Penn demurred to the counterclaim. Regarding Hancko's first theory, New Penn argued the deed of trust's terms authorized MERS to assign the note and deed of trust.

---

[4] The parties treat the interests of New Penn and Bank of New York as identical. Hancko does not argue that New Penn is not entitled to represent Bank of New York's interests. For simplicity, we refer to Bank of New York hereinafter as "New Penn."

[5] New Penn named both Hancko and McClung as defendants. McClung did not actively participate in the litigation and filed no appeal.

Regarding Hancko's second theory, New Penn argued that unauthorized acts by trustees are merely voidable, not void, under New York E.P.T.L. § 7-2.4, and Hancko therefore could not challenge the assignment of the deed of trust to New Penn based on its being unauthorized. New Penn further argued Hancko lacked standing to challenge the validity of the assignments of the note and deed of trust to New Penn under this theory because she is not a beneficiary of the trust.

In an order dated March 9, 2020, the circuit court concluded that Hancko had standing to bring her counterclaim but sustained the demurrer based on New Penn's other arguments. It granted Hancko leave to amend her counterclaim theory that MERS lacked authority to assign the note and deed of trust but sustained the demurrer with prejudice as to her theories based on New York E.P.T.L. § 7-2.4 and the statute of limitations.

In March 2020, Hancko filed an amended counterclaim reasserting her theory relating to MERS's lacking authority to assign the note and deed of trust. New Penn demurred to the amended counterclaim, arguing Hancko lacked standing to challenge the validity of the 2009 assignment because she was neither a party to nor an intended beneficiary of it. New Penn further argued that even if Hancko had standing to challenge the assignment, the deed of trust authorized MERS to assign the deed and note, making Hancko's claim meritless. New Penn also moved for summary judgment on its claims.

While these motions were pending, the circuit court raised the point at a January 2022 hearing that New Penn had filed its amended complaint without obtaining leave from the court. New Penn immediately moved for leave to amend the complaint, and the court granted the motion from the bench. On February 3, 2022, Hancko filed another counterclaim and answer to the amended complaint. On February 9, 2022, the circuit court entered an order, in accord with its January 2022 ruling, granting New Penn leave to file an amended complaint and accepting New Penn's May 3, 2019 amended complaint as filed nunc pro tunc. The order also stated that

Hancko "may file a responsive pleading or a praecipe confirming her prior Answer to Amended Complaint and Counterclaim, filed on August 8, 2019, no later than twenty-one (21) days after entry of this Order."

Hancko then filed a counterclaim and answer to the amended complaint on March 4, 2022. Hancko based her counterclaim upon the same theories as she asserted in her original counterclaim and requested an order quieting title and declaring New Penn had no rights under the note and deed of trust. In her answer to the amended complaint, Hancko asserted three affirmative defenses to New Penn's claims: (1) New Penn's claims violated a discharge Hancko had received in a Chapter 7 bankruptcy; (2) New Penn's claims were barred by the statute of limitations; and (3) New Penn lacked standing to seek relief relating to the note and deed of trust.

New Penn filed another motion for summary judgment requesting the circuit court to enter final judgment against Hancko. In opposition, Hancko argued there were genuine issues of material fact relating to (1) whether New Penn's claims were barred by laches and (2) whether New Penn had standing to bring its claim. Hancko asserted that New Penn lacked standing because, according to Hancko, MERS was not authorized to assign the note or deed of trust, so MERS's assignment to Countrywide Home Loans and Countrywide Home Loans' assignment to New Penn were both invalid.

New Penn argued that Hancko did not challenge the underlying merits of its claims that the land records contained scrivener's errors, but rather only New Penn's ability to seek reformation of those errors. Regarding the defense of laches, New Penn pointed out that Hancko had not pled laches in her operative answer and was therefore unable to rely on that defense. Regarding New Penn's standing, New Penn argued that there was no genuine issue of material fact relating to its right to enforce the deed of trust. According to New Penn, the deed of trust expressly allowed MERS to assign the deed of trust and note on Countrywide Bank's behalf.

New Penn alternatively argued that it was entitled to enforce the note as a matter of law because it is in possession of the note and the note is endorsed-in-blank. Finally, New Penn argued that Hancko lacked standing to challenge the validity of the assignments of the deed of trust because she was neither a party to nor a beneficiary of the assignments.

The circuit court granted the motion for summary judgment in an order dated May 6, 2022. The court concluded that Hancko had not pled laches and could not rely on that defense. The court also held that Hancko "did not have standing to challenge assignment of the note to [New Penn]." The court concluded that there were no material issues of fact and ruled in favor of New Penn's motion for summary judgment.

Hancko appealed the court's judgment. This Court dismissed that appeal without prejudice because the circuit court had not ruled on Hancko's re-filed counterclaim and the court's order was therefore a non-appealable interlocutory order.[6] The circuit court then sustained New Penn's pending demurrer and dismissed Hancko's counterclaim with prejudice "for the same reasons and on the same basis" that it granted New Penn's motion for summary judgment, "and based on the 'law of the case doctrine.'" On appeal, Hancko assigns error to the circuit court's March 9, 2020 order sustaining New Penn's demurrer to her counterclaim and the circuit court's May 6, 2022 order granting New Penn's motion for summary judgment.

ANALYSIS

I. The circuit court correctly concluded that Hancko failed to state a counterclaim for quiet title.

We review de novo the circuit court's judgment sustaining a demurrer. *Theologis v. Weiler*, 76 Va. App. 596, 603 (2023). "The purpose of a demurrer is to determine whether the

---

[6] *Hancko v. New Penn Financial, LLC, d/b/a Shellpoint Mortgage Servicing, as Servicer for The Bank of New York Mellon, f/k/a The Bank of New York, as trustee for the Certificate Holders CWMBS, Inc., CHL Mortgage Pass-Through Trust 2006-HYB4 Mortgage Pass-Through Certificates, Series 2006-HYB4*, No. 0838-22-4 (Va. Ct. App. Jan. 9, 2023) (order).

pleading and any proper attachments state a cause of action upon which relief can be given." *Young-Allen v. Bank of Am.*, 298 Va. 462, 467 (2020) (quoting *Steward v. Holland Fam. Props., LLC*, 284 Va. 282, 286 (2012)). "A demurrer tests the legal sufficiency of facts alleged in pleadings, not the strength of proof." *Seymour v. Roanoke County Bd. of Supervisors*, 301 Va. 156, 164 (2022) (quoting *Coutlakis v. CSX Transp., Inc.*, 293 Va. 212, 216 (2017)). Thus, "[a] circuit court 'is not permitted on demurrer to evaluate and decide the merits of the allegations set forth in a . . . complaint.'" *Id.* (second alteration in original) (quoting *Riverview Farm Assocs. Va. Gen. P'ship v. Bd. of Supervisors*, 259 Va. 419, 427 (2000)). "In deciding whether to sustain a demurrer, the sole question before the trial court," and before this Court on appeal, "is whether the facts pleaded, implied, and fairly and justly inferred are legally sufficient to state a cause of action against a defendant." *Pendleton v. Newsome*, 290 Va. 162, 171 (2015). "When reviewing such a judgment, we 'accept as true all factual allegations expressly pleaded in the complaint and interpret those allegations in the light most favorable to the plaintiff.'" *Taylor v. Aids-Hilfe Koln e.V.*, 301 Va. 352, 357 (2022) (quoting *Coward v. Wellmont Health Sys.*, 295 Va. 351, 358 (2018)).

Hancko argues the circuit court erred by sustaining New Penn's demurrer to her counterclaim theory that the assignment of the deed of trust to New Penn in 2012 was void because New Penn's trust instrument prohibited receiving assignment of the note after 2007. Hancko bases her argument on a New York statute that provides, "If the trust is expressed in the instrument creating the estate of the trustee, every sale, conveyance or other act of the trustee in contravention of the trust, except as authorized by this article and by any other provision of law, is void." New York E.P.T.L. § 7-2.4. Hancko alleged that the securitized trust instrument that created New Penn "forbade assignment of the subject note to New Penn after 2007," and the conveyance was therefore "void" under New York E.P.T.L. § 7-2.4.

Hancko did not attach a copy of the trust instrument to her counterclaim. Yet, even accepting her allegations of the content of the instrument as true, she has failed to state a claim.[7] Although the language of New York E.P.T.L. § 7-2.4 expressly provides that an act by a trustee is "void" if it contravenes the trust instrument, "the weight of New York authority" holds that "unauthorized acts by trustees are generally subject to ratification by the trust beneficiaries." *Rajamin v. Deutsche Bank Nat'l Tr. Co.*, 757 F.3d 79, 88 (2d Cir. 2014). And "[b]ecause . . . a trust's beneficiaries may ratify the trustee's otherwise unauthorized act, and because 'a void act is not subject to ratification,' such an unauthorized act by the trustee is not void but merely voidable by the beneficiary" under New York E.P.T.L. § 7-2.4. *Id.* at 89 (citation omitted). And until a beneficiary has taken action to void the act, it remains merely voidable, not void. *See id.*

Although New York's highest court has not addressed the issue, the majority of courts have adopted this approach when interpreting New York E.P.T.L. § 7-2.4, including the U.S. Court of Appeals for the Second Circuit. *See id.* at 87-90. Hancko herself acknowledges that "[f]ederal courts have uniformly held that the error of late transfers of loans to securitized trusts are voidable not void," despite the language of New York E.P.T.L. § 7-2.4. We follow that approach and conclude that, taking the counterclaim allegations as true, the 2012 assignment to New Penn was merely voidable, not void. *See Rajamin*, 757 F.3d at 87-90. The counterclaim

---

[7] New Penn argues on brief that Hancko "has not plausibly demonstrated how New York Law is applicable to the case." But Hancko alleged that the trust instrument's terms provided that it would be governed by New York law. New Penn made a motion craving oyer in response to Hancko's initial counterclaim, requesting that she produce the trust instrument upon which she based her claim. But the court never ruled on that motion, and New Penn did not object or assign cross-error to the court's failure to require Hancko to produce the document. Moreover, it does not appear that New Penn ever contested the applicability of New York law in the proceedings below; rather, it centered its arguments around the merits of New York E.P.T.L. § 7-2.4 as applied to this case. This Court will take the allegation that the trust instrument has a New York choice of law provision as true for purposes of the demurrer. "If a contract specifies that the substantive law of another jurisdiction governs its interpretation or application, the parties' choice of substantive law should be applied." *Settlement Funding, LLC v. Neumann-Lillie*, 274 Va. 76, 80 (2007).

includes no allegation that the beneficiaries of the trust have voided the 2012 assignment. Thus, the circuit court correctly concluded that Hancko failed to state a claim that New Penn had no right to enforce the deed of trust based on the alleged violation of its trust terms. *See id.*; *Seymour*, 301 Va. at 164.

## II. The circuit court correctly held there was no genuine issue of material fact relating to the defense of laches because Hancko failed to plead it.

"Any party may make a motion for summary judgment at any time after the parties are at issue . . . ." Rule 3:20. "If it appears from the pleadings, the orders . . . made at a pretrial conference, [or] the admissions . . . in the proceedings, that the moving party is entitled to judgment, the court shall grant the motion." *Id.* "In an appeal from a circuit court's decision to grant or deny summary judgment, we review the application of the law to undisputed facts de novo." *Stahl v. Stitt*, 301 Va. 1, 8 (2022). To the record we apply "the same standard a trial court must adopt in reviewing a motion for summary judgment, accepting as true those inferences from the facts that are most favorable to the nonmoving party, unless the inferences are forced, strained, or contrary to reason." *Id.* (quoting *Fultz v. Delhaize Am., Inc.*, 278 Va. 84, 88 (2009)). "Summary judgment may not be entered if any material fact is genuinely in dispute." *Id.* (quoting Rule 3:20). "It follows that immaterial facts genuinely in dispute or material facts not genuinely in dispute do not preclude the entry of summary judgment." *AlBritton v. Commonwealth*, 299 Va. 392, 403 (2021).

Hancko argues the circuit court erred in its May 6, 2022 order granting summary judgment to New Penn on its claims. According to Hancko, the court erroneously held that Hancko failed to plead laches in her answer. On this basis, Hancko argues, the circuit court erroneously concluded there was no genuine issue of material fact preventing summary judgment for New Penn.

"Our jurisprudence has long 'required that a party raise specific defenses (just as a plaintiff must give notice of claims) so that surprise and prejudice at trial from late revelation of unanticipated legal theories is avoided.'" *New Dimensions, Inc. v. Tarquini*, 286 Va. 28, 35-36 (2013) (quoting *Monahan v. Obici Med. Mgmt. Servs.*, 271 Va. 621, 632 (2006)). Thus, "[w]here a defendant seeks to rely upon an affirmative defense not apparent from the allegations pled and unrelated to the elements of a plaintiff's cause of action, that affirmative defense must be pled to avoid unfair surprise or prejudice to the plaintiff." *Id.* at 36. Laches is an affirmative defense against equitable claims that arises when the plaintiff has failed "to assert a known right or claim for an unexplained period of time under circumstances prejudicial to the adverse party." *Stewart v. Lady*, 251 Va. 106, 114 (1996); *see Smith v. Woodlawn Constr. Co.*, 235 Va. 424, 430 (1988).

Hancko seeks to rely on her "Answer to Amended Complaint and Counterclaim" filed on February 3, 2022, in which she pled the affirmative defense of laches. But Hancko's operative pleading is the answer she filed March 4, 2022. The court's February 9, 2022 order stated that Hancko "may file a responsive pleading or a praecipe confirming her prior Answer to Amended Complaint and Counterclaim, filed on August 8, 2019, no later than twenty-one (21) days after entry of this Order." By contrast, the order stated that New Penn's "Amended Complaint filed on May 3, 2019 is accepted as filed nunc pro tunc." Hancko filed no praecipe confirming her August 8, 2019 answer or attempting to rely on her February 3, 2022 answer. Rather, she filed a new answer on March 4, 2022. Thus, the court did not accept Hancko's February 3, 2022 answer nunc pro tunc, and the only valid, operative answer under the court's February 9, 2022 order is the one Hancko filed on March 4, 2022. In that pleading, Hancko pled expiration of the statute of limitations as an affirmative defense. She did not plead laches.

Hancko alternatively argues that her plea of the statute of limitations "amounted to a plea of laches." Laches and the statute of limitations are separate, distinct defenses—the former a creature of equity, the latter arising, of course, by statute. *See Portsmouth v. Chesapeake*, 232 Va. 158, 164 (1986). And although the defenses involve similar concerns, and it is generally true that "in respect to the statute of limitations equity follows the law," the defense of laches nonetheless has its own elements which must be proved, like, for example, the requirement of prejudice to the party asserting the defense. *See May v. R.A. Yancey Lumber Corp.*, 297 Va. 1, 18-19 (2019). Thus, a plea of the statute of limitations does not "amount" to a plea of laches.

Hancko failed to plead laches and cannot rely on it as a defense. *See New Dimensions, Inc.*, 286 Va. at 35-36. Accordingly, the circuit court correctly concluded there was no genuine issue of material fact about whether New Penn's claims were barred by laches which would prevent entry of summary judgment.

III. Hancko waived her argument relating to New Penn's request to reform the 1999 deed.

Hancko argues that the circuit court erred by entering summary judgment because even if New Penn had standing to enforce the deed of trust, it nonetheless had no standing to request correction of the 1999 deed in which she and her husband conveyed the home to Hancko. An appellant arguing to this Court that the circuit court has erred has a "duty to present that error to us with legal authority to support [her] contention." *Fadness v. Fadness*, 52 Va. App. 833, 851 (2008). "Rule 5A:20(e) requires that an appellant's opening brief contain '[t]he principles of law, the argument, and the authorities relating to each question presented.'" *Bartley v. Commonwealth*, 67 Va. App. 740, 744 (2017) (alteration in original) (quoting *Jones v. Commonwealth*, 51 Va. App. 730, 734 (2008), *aff'd in part*, *vacated in part on other grounds*, 279 Va. 52 (2010)). "A significant omission in this regard will result in waiver of the argument on appeal." *Ceres Marine Terminals v. Armstrong*, 59 Va. App. 694, 708 (2012).

The principles guiding our application of this rule overlap with the reasons justifying it. When an appellant has failed to "clearly define[]" the issues and "cite[] pertinent authority," "addressing the case on the merits would require this court to be an advocate for, as well as the judge of the correctness of, [appellant's] position on the issues [she] raises." *Bartley*, 67 Va. App. at 744 (third alteration in original) (quoting *Jones*, 51 Va. App. at 734-35). That endeavor would interfere with the Court's duty "to ascertain the integrity of the parties' assertions which is essential to an accurate determination of the issues raised on appeal." *Id.* (quoting *Jones*, 51 Va. App. at 735).

"Simply put, '[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her . . . .'" *Id.* at 746 (first alteration in original) (quoting *Sneed v. Bd. of Pro. Resp. of the Sup. Ct. of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010)). Thus, "where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." *Id.* (quoting *Sneed*, 301 S.W.3d at 615). We have found the "failure to provide legal argument and authority as required by Rule 5A:20(e)" to be "significant" when the appellant's brief "leaves us without a legal prism through which to view [her] alleged error." *Id.*

Hancko failed to support her fourth assignment of error with sufficient argument and legal authority in her opening brief. Hancko's one-paragraph argument in support of this assignment of error includes no citations to legal authority. It is merely a skeletal argument, and "leaves us without a legal prism through which to view [her] alleged error." *Id.* This omission is "significant," and Hancko's fourth assignment of error is therefore waived. *Id.*; Rule 5A:20(e).

IV. The circuit court incorrectly granted New Penn's motion for summary judgment.

Hancko argues the circuit court erred in its May 6, 2022 order granting summary judgment to New Penn by holding that Hancko lacked standing to argue that MERS's 2009

assignment of the deed of trust and note to Countrywide Home Loans was unauthorized.  Thus, according to Hancko, the court erroneously concluded there was no issue of material fact preventing summary judgment for New Penn.  New Penn argues that the court correctly concluded Hancko lacked standing to challenge the 2009 assignment by MERS to Countrywide Home Loans because she was neither a party to nor an intended beneficiary to the assignment.

In its motion for summary judgment to the circuit court and in its brief to this Court, New Penn cited to only one case in support of its argument that Hancko lacked standing to challenge the assignment's validity: *Kelley v. Griffin*, 252 Va. 26, 29 (1996) (holding that a third party must be an intended beneficiary of a contract to have standing to sue for its enforcement).  To the extent that the circuit court's judgment in this case was based on traditional standing doctrine, it was incorrect.

"Standing to sue is part of the common understanding of what it takes to make a justiciable case."  *Morgan v. Bd. of Supervisors*, 302 Va. 46, 58 (2023) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102 (1998)).  The standing doctrine "'is a preliminary jurisdictional issue having no relation to the substantive merits of an action,'" and which "asks only whether the claimant truly has 'a personal stake in the outcome of the controversy.'"  *Id.* at 58-59 (quoting *McClary v. Jenkins*, 299 Va. 216, 221-22 (2020)).  This requires "a direct interest, pecuniary or otherwise, in the outcome of the controversy that is separate and distinct from the public at large."  *Layla H. v. Commonwealth*, 81 Va. App. 116, 134 (2024) (quoting *Goldman v. Landsidle*, 262 Va. 364, 373 (2001)).

Ordinarily, an individual must be a party to or intended beneficiary of a contract to have a direct interest in the contract assignment's validity.  *Kelley*, 252 Va. at 29.  But whether a debtor has a direct interest in challenging a creditor's assignment of debt to a third party turns on whether the debtor pleads a defense that, if successful, would render the assignment invalid.  *See*

*Jones v. Select Portfolio Servicing, Inc.*, 672 F. App'x 526, 533 (6th Cir. 2016) (considering the rule in 6A C.J.S., *Assignments* § 132 (2010)). "A debtor may, generally, assert against an assignee all equities or defenses existing against the assignor prior to notice of the assignment, any matters rendering the assignment absolutely invalid or ineffective, and the lack of plaintiff's title or right to sue[.]" 6A C.J.S., *Assignments* § 133 (2025).[8] This ensures that an assignee may not foreclose on a debtor's property when it has not proven to be a valid party to the agreement. *Reinagel v. Deutsche Bank Nat'l Tr. Co.*, 735 F.3d 220, 225 (5th Cir. 2013).

Likewise, our Supreme Court has recognized a debtor's ability to defend against an assignee's enforcement of a debt on the basis that the assignment is invalid. *See, e.g.*, *Apartment Inv. & Mgmt. Co. v. Nat'l Loan Invs., L.P.*, 258 Va. 322, 327-28 (1999) (holding assignee "failed to establish that it was a valid holder by assignment" where note required debtor's consent to transfer it and assignee failed to prove it had obtained that consent); *Lataif v. Com. Indus. Constr., Inc.*, 223 Va. 59, 62-63 (1982) (analyzing whether misnomer in assignment of non-negotiable debt "invalidate[d]" the assignment such that circuit court correctly granted debtor corporation's motion to strike assignee-creditor's claim).

Such is the case here. Hancko challenges the validity of MERS's initial assignment of the deed of trust and note to Countrywide Home Loans in 2009. To be clear, MERS purportedly assigned *Countrywide Bank's* interests in both the deed of trust and the underlying note to

---

[8] Other courts have found a plaintiff-debtor's assertion of a defense rendering an assignment invalid sufficient to confer standing. *See Jones*, 672 F. App'x at 533 (adopting the rule in 6A C.J.S., *Assignments* § 132 (2010)); *Ferguson v. Bank of N.Y. Mellon Corp.*, 802 F.3d 777, 780 (5th Cir. 2015) ("Borrowers have limited standing to challenge their lenders' assignments of their promissory notes and [deeds of trust] . . . on a ground that would render the assignment *void*."); *Reinagel v. Deutsche Bank Nat'l Tr. Co.*, 735 F.3d 220, 225 (5th Cir. 2013) (holding a debtor had standing to challenge an assignment as void despite not being a party to or intended beneficiary of the assignment); *Glaski v. Bank of Am.*, 160 Cal. Rptr. 3d 449, 461-62 (Cal. Ct. App. 2013) (rejecting whether a debtor is a party to or intended beneficiary of an assignment as dispositive of standing).

- 15 -

Countrywide Home Loans.  The question is whether there is any genuine dispute as to MERS's authority to make that assignment.  Our review is limited to "the pleadings, the orders . . . made at a pretrial conference, [or] the admissions."  Rule 3:20.  Thus, in this case, our review includes New Penn's allegations in its complaint and the text of the relevant documents: the note, the deed of trust, and the 2009 assignment of the note and deed of trust.  The note does not mention MERS, nor does the 2009 assignment mention Countrywide Bank.  Thus, neither document confers authority on MERS to assign the note or deed of trust on Countrywide Bank's behalf. The authority, if it exists in this record, must come from the deed of trust.

The deed of trust names MERS as the beneficiary but repeatedly notes that MERS is the beneficiary "solely as nominee for" Countrywide Bank.  Because the deed of trust nowhere defines "nominee," we must look to the rest of the document to determine MERS's rights and duties under it.  *See also* Black's Law Dictionary (12th ed. 2024) (defining "nominee" as "2. A person designated to act in place of another, usually in a very limited way" and "3. A party who holds bare legal title for the benefit of others or who receives and distributes funds for the benefit of others.").  Undoubtedly, the deed of trust allowed MERS to take any actions necessary for the enforcement of the deed, including foreclosing and selling the property.  *See Larota-Florez v. Goldman Sachs Mortg. Co.*, 719 F. Supp. 2d 636, 640 (E.D. Va. 2010) (holding MERS had authority to foreclose under deed of trust with terms similar to the deed of trust in this case). Additionally, lower courts analyzing similar deeds have concluded that MERS is authorized to do things like appoint a substitute trustee or assign its own rights to the deed of trust to a different loan servicer.  *See Graves v. Mortg. Elec. Registration Sys.*, 96 Va. Cir. 457, 462 (Fairfax Cnty. June 29, 2011) (appoint substitute trustee); *Wolf v. Fannie Mae*, 512 F. App'x 336, 342 (4th Cir. 2013) (assign own rights).

The language in the deed of trust, however, does not give MERS unfettered authority to transfer *Countrywide Bank's* interests in the deed of trust and note without notice to or authorization from Countrywide Bank. Such authority would seemingly cause MERS's rights to overlap with Countrywide Bank's so much as to render the rights identical. Indeed, identity of MERS's and Countrywide Bank's rights is what the 2009 assignment appears to assume, given that it purports to convey the deed of trust "together with the note" directly from MERS to Countrywide Home Loans.

Courts in other jurisdictions analyzing similar situations have held that MERS's authority does not extend so far and that generally some further evidence of MERS's authority to assign the note itself is required to prove an assignment valid. *See, e.g.*, *Bellistri v. Ocwen Loan Servicing, LLC*, 284 S.W.3d 619, 623-624 (Mo. App. 2009) ("There is no evidence in the record or the pleadings that MERS held the promissory note or that BNC gave MERS the authority to transfer the promissory note."); *In re Wilhelm*, 407 B.R. 392, 404 (Bankr. D. Idaho 2009) (holding similar standard mortgage note language did not "either expressly or by implication . . . authorize MERS to transfer the promissory notes at issue"). We agree. The language in the deed of trust, standing on its own, did not give MERS the authority to transfer both the note and the deed of trust without authorization from Countrywide Bank. Thus, there is a genuine dispute over the material fact of whether the 2009 assignment was valid, and it was error for the circuit court to grant New Penn's motion for summary judgment.

V. New Penn did not establish its possession of the note as an undisputed fact.

New Penn argued below and argues to this Court that even if the 2009 assignment was unauthorized, New Penn is entitled to enforce the note as a matter of law because it is in possession of the note and Hancko endorsed the note in blank. *See Horvath v. Bank of New York, N.A.*, 641 F.3d 617, 621-22 (4th Cir. 2011). "Under the right result for the wrong reason

doctrine, 'it is the settled rule that how[ever] erroneous . . . may be the reasons of the court for its judgment upon the face of the judgment itself, if the judgment be right, it will not be disturbed on account of the reasons.'" *Perry v. Commonwealth*, 280 Va. 572, 579 (2010) (alterations in original) (quoting *Schultz v. Schultz*, 51 Va. (10 Gratt.) 358, 384 (1853)).  Thus, "[w]hen the trial court has reached the correct result for the wrong reason, but the record supports the right reason, 'we will assign the correct reason and affirm that result.'" *Id.* at 580 (quoting *Mitchem v. Counts*, 259 Va. 179, 191 (2000)).  "When appellate courts affirm, they 'enforce not a [lower] court's reasoning, but the court's judgment.'" *Rickman v. Commonwealth*, 294 Va. 531, 542 (2017) (alteration in original) (quoting *Alexandria Redev. & Hous. Auth. v. Walker*, 290 Va. 150, 156 n.1 (2015)).  We consider New Penn's alternative argument under these principles.

Rule 3:20 allows entry of summary judgment "[i]f it appears from the pleadings, the orders . . . made at a pretrial conference, [or] the admissions . . . in the proceedings, that the moving party is entitled to judgment."  A judicial admission is "an admission made in the course of judicial proceedings."  1 The Law of Evidence in Virginia § 15-40 (2025).  "The essence of a judicial admission is its conclusiveness.  To constitute a judicial admission, the admission must conclusively establish a fact in issue."  *Jones v. Ford Motor Co.*, 263 Va. 237, 254 (2002) (quoting *Gen. Motors Corp. v. Lupica*, 237 Va. 516, 520 (1989)).  Generally, an attorney's judicial admissions are binding on his client, "yet to have this effect they must be distinct and formal, and made for the purpose of dispensing with the formal proof of some fact at the trial." *Virginia-Carolina Chemical Co. v. Knight*, 106 Va. 674, 678 (1907); *see Ambiance Associates, Inc. v. Kilby*, 230 Va. 60, 62-63 (1985) (disallowing party's attempted withdrawal of "[a] distinct, formal, binding, judicial admission of liability . . . made in the trial court").  In addition, "a 'unilateral avowal of counsel of testimony that could be presented constitutes a proper

proffer,'" but only "'if unchallenged.'" *Bethea v. Commonwealth*, 297 Va. 730, 756 n.13 (2019) (quoting *Bloom v. Commonwealth*, 262 Va. 814, 821 (2001)).

In this case, New Penn attached a copy of the note to its motion for summary judgment. At the hearing on the summary judgment motion, New Penn's counsel asserted that it had the note in its possession. The circuit court asked Hancko's counsel whether he contested that representation. Hancko's counsel "responded that, although [New Penn's counsel]'s word was 'golden,' [Hancko's] counsel *objected* to such statement by [New Penn's counsel] on grounds that [New Penn's counsel] was not allowed to testify at such hearing, because he was counsel for one of the parties." (Emphasis added).

Under these circumstances, we cannot conclude that New Penn's possession of the note is an established fact for the purpose of summary judgment. Hancko's counsel objected to New Penn's avowal, so it was not a proper proffer of fact. Nor was it "distinct and formal, and made for the purpose of dispensing with the formal proof" of the fact. *Virginia-Carolina Chemical Co.*, 106 Va. at 678. And the circuit court made no finding of fact about New Penn's possession of the note. Thus, New Penn cannot save the judgment in its favor under the right result, wrong reason doctrine on the basis that it possessed the note.

CONCLUSION

Hancko failed to plausibly allege a counterclaim for quiet title and failed to plead laches, but she had standing to challenge the validity of MERS's assignment of the note. Thus, we conclude that there is a genuine issue of material fact preventing entry of summary judgment on New Penn's claims. Rule 3:20. Accordingly, we affirm the circuit court's judgment as to Hancko's failure to plead laches and New Penn's demurrer to Hancko's counterclaim, reverse it

as to whether Hancko may challenge the validity of the 2009 assignment, and remand the case for further proceedings consistent with this opinion.

*Affirmed in part, reversed in part, and remanded.*

O'Brien, J., concurring in part and dissenting in part.

I concur in the majority's affirmance that Hancko failed to allege a counterclaim for quiet title and failed to plead laches. I dissent, however, from its reversal of summary judgment in favor of New Penn. Hancko lacked standing to challenge MERS's 2009 assignment of the deed of trust and note, and, regardless of standing, her challenge lacked merit. No material facts were in dispute as to MERS's authority to make the assignment.

Only a party to or an intended beneficiary of a contract or instrument has standing to sue on the contract or instrument. *See* Code § 55.1-119; *Kelley v. Griffin*, 252 Va. 26, 29 (1996) (holding that a construction lender lacked standing to enforce a subordination clause in a land-sale contract without evidence that it was a third-party beneficiary). Hancko's counterclaim for quiet title and declaratory judgment challenged the validity of the 2009 assignment, which was a contract between MERS and Countrywide Home Loans to transfer the deed of trust and note "for value received." Without question, Hancko was neither a party to nor an intended beneficiary of this contract. Therefore, she lacked standing to challenge the assignment. *See Kelley*, 252 Va. at 29; *see also Wolf v. Fannie Mae*, 512 F. App'x 336, 342 (4th Cir. 2013) (affirming that homeowner lacked standing to challenge assignment of note from MERS to loan servicer because "in accord with Virginia law . . . one must be a party to or beneficiary of the contract" to sue on the contract); *Morrison v. Wells Fargo Bank, N.A.*, 30 F. Supp. 3d 449, 454 (E.D. Va. 2014) ("Plaintiff has not alleged that he is a party [or] intended beneficiary[,] nor [that he] had direct involvement in the Appointment of Substitute Trustee execution. Without an enforceable contract right, Plaintiff lacks standing to attack the validity of the appointment.").

The 2009 assignment did not affect Hancko's rights or duties as a borrower; she still had the obligation to make mortgage payments. *See Wolf*, 512 F. App'x. at 342 (noting that the assignment from MERS to a loan servicer did "not affect [the borrower's] rights or duties at all"

because "[she] still ha[d] the obligation under the note to make payments" and therefore "she ha[d] no interest in the assignment"). Without an enforceable contract right, Hancko lacked standing to attack the validity of the 2009 assignment.

Moreover, Hancko's deed of trust indisputably authorized the 2009 assignment. The deed of trust named MERS as the trust beneficiary "acting solely as a nominee for Lender and Lender's successors and assigns." When Hancko signed the deed of trust, she agreed that MERS had the right "to exercise any or all of th[e] interests" of the lender and its assigns, "including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender, including, but not limited to, releasing and canceling this Security Instrument." The deed of trust also specifically referred to the transferability of the note (which she had endorsed in blank under Code § 8.3A-205), stating that it could be sold "without prior notice to the Borrower."[9] No language restricted MERS's ability to assign the deed of trust and the note.

MERS was acting as an agent for the lender, Countrywide Bank. *See Reyes v. Wells Fargo Bank, N.A.*, No. 1:13-cv-547, 2013 U.S. Dist. LEXIS 104428, at *2 (E.D. Va. July 24, 2013) (finding that a beneficiary and nominee on behalf of the original lender could engage in transactions involving the note and deed of trust on the lender's behalf). Because Countrywide Bank had authority to assign its interests in the deed of trust and note, so too did its nominee and agent, MERS. *See id.*

The majority rejected New Penn's alternative basis for affirming summary judgment— namely, that New Penn was entitled to enforce the note as a matter of law because it was in possession of the note, which Hancko had endorsed in blank. *See* Code § 8.3A-205(b); *Horvath v. Bank of New York, N.A.*, 641 F.3d 617, 621-22 (4th Cir. 2011). The majority declined to apply

---

[9] The note itself plainly stated in the first paragraph, "I understand that Lender may transfer this Note. Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the 'Note Holder.'"

the "right result for the wrong reason" doctrine under *Perry v. Commonwealth*, 280 Va. 572, 580 (2010), because it concluded that New Penn did not establish possession of the note as an undisputed fact. I do not address New Penn's alternative basis for affirming, however, given my conclusion that the court correctly granted summary judgment.

In the absence of an enforceable contract right under Virginia law, and in the absence of any genuine factual dispute over MERS's authority under the deed of trust, I would affirm summary judgment in favor of New Penn.